LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, Plaintiff, *v.* GASTON KOCH, Defendant.

Supreme Court, Kings County, May 29, 1934.

*Walter Jeffrey Carlin*, for the plaintiff.

*Samuel Katz*, for the defendant.

FURMAN, J. This is an action on a guaranty executed by the defendant, among others, guaranteeing payment of a collateral promissory note dated March 31, 1931, made by the Bay Parkway National Bank of Brooklyn, to the plaintiff in the sum of $1,087,598.51. The defendant was an officer and director of the aforementioned bank. The guaranty in so far as the defendant Koch was concerned obligated him to the extent of $10,000, which by the terms thereof was to be paid upon demand.

On July 3, 1931, some eight months before a demand was made and the note became due, defendant filed a voluntary petition in bankruptcy.

Defendant in his answer admits that he delivered the executed guaranty to the plaintiff prior to the delivery of the note to the plaintiff. He also set up three defenses: *First*, that he signed the guaranty as an accommodation for the plaintiff and that there was no consideration therefor; *second*, that the plaintiff agreed that he would not be liable on the guaranty and that it would hold him harmless; and, *third*, that the defendant was adjudicated a bankrupt, and that the plaintiff having knowledge of the same, and knowing the debt to be provable, failed to file and prove a claim therefor.

Plaintiff concedes that it had knowledge of the voluntary bankruptcy some six months after the adjudication. Defendant admits by way of stipulation that demand for payment was made.

I find that the assumption by the plaintiff of liability to the depositors of the Bay Parkway Bank against all of the assets of the Bay Parkway Bank then owned, and the execution of the note by the said bank to the plaintiff, constituted a good and valuable consideration as between these parties which was sufficient to bind the defendant herein inasmuch as the guaranty of the note was made prior to the delivery and acceptance of the note. With the facts such as they are in this case, the rule is well settled that no further consideration is necessary to bind the guarantor than that moving between the principal parties, namely, the two banks. In any event the fact that the defendant owned shares in the bank and was a director thereof is evidence, when taken together with the fact that the bank needed assistance to preserve itself, that there was consideration for the defendants' signing the guaranty, inasmuch as he stood to benefit thereby.

I further find that all of the evidence with relation to the second defense was inadmissible and should be stricken out. Any of such evidence tends to modify the terms of the written guaranty and is in clear violation of the parol evidence rule. Such an oral agreement as testified to was necessarily merged into the writing and does not come within any of the well-defined exceptions to the parol

evidence rule. Furthermore, no proof has been presented which would warrant the court in finding that Smith has any authority to bind the plaintiff.

In my opinion the debt was provable. Inasmuch as the knowledge of the adjudication was conceded, under ordinary circumstances it would have been incumbent upon the plaintiff to file and prove his claim, inasmuch as the defense of adjudication and discharge, properly pleaded, would constitute a complete bar to this action. But the difficulty here is that the discharge was never pleaded, making the defense insufficient in law. Merely pleading adjudication is not enough, inasmuch as the debt is released by the discharge and not the adjudication. Therefore, all evidence thereunder was inadmissible.

Therefore, the three defenses are dismissed and the judgment is directed for the plaintiff, with interest and costs.