## Hugh Drum *vs.* Patrick Drum.

Barnstable.    November 14. — 28, 1882.    Lord & W. Allen, JJ., absent.

In an action upon a promissory note, if it appears that the note has been materially altered since its delivery, and the plaintiff proves that the note has never rightfully or to his knowledge been in the possession of any one but himself and his agent, and that the alteration was not made by him or by his agent, or with the knowledge or consent, directly or indirectly, of either of them, he is entitled to recover on the note as originally written, although he is unable to prove the circumstances of its alteration.

In an action upon a promissory note, which has been altered since its delivery, if its original tenor is apparent on inspection, it is sufficient to declare upon it in the usual form; and, upon showing that the alteration is a mere spoliation, there is no variance between the allegation and the proof.

Contract upon a promissory note for $100, dated October 19, 1869, payable on demand to the plaintiff, or order, signed by the defendant, and witnessed. Writ dated September 28, 1878. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered the note in evidence; and the signatures of the defendant and of the attesting witness were proved. It appeared that the note, after its delivery to the plaintiff, who could neither read nor write, had been changed in the following respects: the figures "$100" had been made to read "$136," or "$156;" the word "dollars" had been made to read "fifty," or "thirty," the word "six" being interpolated thereafter; and the word "on" changed to "dollars," and another word "on" interpolated before the word "demand."

The plaintiff testified that he knew nothing about the erasures and changes above described, and neither made them himself, nor directly or indirectly authorized the same to be made; and the

agent of the plaintiff, in whose possession the note was left for a time, testified the same as the plaintiff, as to her knowledge of, and relation to, said erasures and changes.

The defendant objected that the plaintiff was not entitled to recover upon the note, unless he first explained and accounted for said changes and erasures; and that there was a variance between the plaintiff's allegations and the proofs.

The plaintiff asked the judge to instruct the jury as follows: " If the jury believe that said $100 note was altered without the knowledge or consent of the plaintiff, and without his agency, directly or indirectly, it is not, in law, an alteration, but a mutilation or spoliation; and the note would be good for, and according to, its original tenor."

The judge declined to give this instruction; but instructed the jury as follows: " The note of $100, appearing to be materially altered, is void, unless the plaintiff proves that it was altered by consent of the defendant, or proves the circumstances of its alteration, as well as that he did not make or procure it; the alteration would not be sufficiently explained by proof that the plaintiff did not make, direct or procure it."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Day,* for the plaintiff.

*H. P. Harriman,* for the defendant.

COLBURN, J. The note declared on in this case was for $100, signed by the defendant, and payable to the plaintiff, or order. Upon the production of the note, it appeared to have been changed from a note for $100 to a note for $136, or $156, in the manner stated in the exceptions.

It was proved at the trial, that this note was originally a valid note for $100, and it was not pretended that it had ever been changed with the knowledge or consent of the defendant. The note was not indorsed, and, so far as appears, had always been owned by the plaintiff, and in his possession or in that of his agent.

These changes, under the circumstances, rendered the note *prima facie* void, and the burden was upon the plaintiff to explain them. If the changes had been made by the plaintiff, or by his authority or consent, directly or indirectly, the note was

absolutely void. *Adams* v. *Frye,* 3 Met. 103. *Fay* v. *Smith,* 1 Allen, 477. 1 Greenl. Ev. § 564. But if the changes had been made by a stranger, without the knowledge or consent of the plaintiff, directly or indirectly, the note remained a valid note, according to its original tenor. *Adams* v. *Frye, ubi supra.* 1 Greenl. Ev. § 566.

If the plaintiff proved that the note had never rightfully, or to his knowledge, been in the possession of any one but himself and his agent, and that the alterations were not made by him or his agent, or with the knowledge or consent, directly or indirectly, of either of them, he was entitled to recover on the note, as originally written, though he might not be able to prove the circumstances of its alteration; and there was evidence tending to show that these were the facts in this case.

We are of opinion that the judge erred in instructing the jury, as he apparently did, in effect, that proof of the state of facts above supposed would not entitle the plaintiff to recover. Of course, we express no opinion as to the credibility of the evidence at the trial, or the probability that such changes as were made in the note would have been made by a stranger. These are considerations for the jury.

If, as we infer from the exceptions, the tenor of the note, as originally written, was apparent upon inspection of the note, it was sufficient to declare upon it in the usual way; and, upon showing that the changes in the note were mere spoliations, there would be no variance between the allegation and proof.

*Exceptions sustained.*