EMIL HERMANN HAUSWALD, Doing Business under the Firm Name and Style of DURR & HAUSWALD, Respondent, *v.* JACOB KATZ and Another, Appellants.

First Department, March 19, 1926.

Guaranty — action on guaranty of payment of notes delivered to plaintiff by purchaser of goods — plaintiff's affidavit shows guaranty was made after delivery of notes — issue raised as to consideration — issues raised by pleadings and affidavits — motion for summary judgment improperly granted.

A motion by the plaintiff for summary judgment in an action against two alleged guarantors of promissory notes was improperly granted, since it appears that while the plaintiff alleged that the guaranty was given contemporaneously with the delivery of the notes, his affidavit shows that the guaranty was made after the notes were delivered and, therefore, it is incumbent upon the plaintiff to prove a consideration for the alleged guaranty.

Furthermore, defendants' affidavit which states that the alleged guaranty was signed by the maker of the notes, a corporation, and by the individual defendants as officers of the corporation, and that thereafter the signature of the corporation was erased, raises an issue as to whether or not the alleged guaranty was actually signed by the defendants individually, or by them as officers of the corporation, and also as to whether or not the name of the corporation was erased after the alleged guaranty was delivered.

Furthermore, an issue is raised by the pleadings and affidavits as to the acceptance of the guaranty by the plaintiff.

APPEAL by the defendants, Jacob Katz and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of July, 1925, granting plaintiff's motion for summary judgment, and also from a judgment entered in said clerk's office on the 5th day of August, 1925, pursuant to said order.

The question presented on appeal is whether the defendants have set forth facts which show them to be entitled to a trial.

*Kleiner & Britwitz* [*Meyer Britwitz* of counsel], for the appellants.

*Murray, Aldrich & Roberts* [*A. Donald MacKinnon* of counsel], for the respondent.

FINCH, J. The complaint alleges that on or about June 15, 1924, the Metro Flower Manufacturing Corporation duly executed and delivered to the plaintiff its certain promissory notes. Further, it alleges by paragraph 3:

"That contemporaneously with the delivery to plaintiff of said notes the defendants made and delivered to plaintiff their written guaranty of payment of said notes, of which the following is a copy:

" DURR & HAUSWALD,
          " Sebnitz, Sachsen, Germany:
    " GENTLEMEN.— We, the undersigned, hereby agree to pay the following notes, made out by the Metro Flower Mfg. Corp.

| | |
|---|---|
| 531.92...................... | due October 15th |
| 600.00...................... | "   November 15th |
| 625.00...................... | "   December 15th |
| 625.00...................... | "   January 15, 1925 |
| 625.00...................... | "   February 15th |
| 1,250.00...................... | "   March 15th |
| 1,250.00...................... | "   April 15th |
| 1,250.00...................... | "   May 15th |
| 1,250.00...................... | "   June 15th |
| 1,250.00...................... | "   July 15th |
| 500.00...................... | "   August 15th |
| 600.00...................... | "   September 15th |
| 625.00...................... | "   October 15th |
| 625.00...................... | "   November 15th |
| 625.00...................... | "   December 15th |

                    " Very truly yours,
                              " JACOB  KATZ
                              " ' MORRIS ' B. JACOBSOHN."
    And then by paragraph 4:
    " That in consideration of said guaranty and in reliance thereon plaintiff sold and delivered to the Metro Flower Manufacturing Corp., large quantities of merchandise, taking therefor the promissory notes of the said Metro Flower Manufacturing Corp."
    The action is predicated upon the second, third and fourth of the above notes.
    It is further alleged that none of said notes were paid at maturity and defendants have paid no part thereof, wherefore, the plaintiff demands judgment against the defendants for the sum of $1,850, with interest.
    The answer denies each and every allegation contained in paragraphs 3 and 4 of the complaint. The affidavit submitted on behalf of the plaintiff in support of the motion for summary judgment alleges that in January and February, 1924, the Metro Flower Manufacturing Corporation purchased certain merchandise of the plaintiff and received delivery of the same on or about March 5, 1924. Said affidavit further recites that " on June 15, 1924, said corporation made and delivered to plaintiff fifteen promissory notes of the total value of $12,168.92 and at the same time defendants made and delivered to plaintiff their guaranty of payment of said notes." It thus appears from the plaintiff's

own version of the transaction that the alleged guaranty was executed and delivered more than three months after the delivery of the goods sold by the plaintiff to the Metro Corporation. The guaranty in question, therefore, was not executed and delivered pursuant to an understanding had before the principal obligation was incurred.

Under the present state of the pleadings, where no question is raised concerning the Statute of Frauds, it is incumbent upon the plaintiff to prove a consideration for the alleged guaranty, for it is well settled that where a guaranty of payment is made subsequent to the creation of the debt, and the credit was not extended upon a promise of such guaranty, the consideration of the original obligation will not support the guaranty.

As was said by WRIGHT, J., in *Church* v. *Brown* (21 N. Y. 315, 325): "A past consideration, unless done at the request of the promisor, is not sufficient to support any promise. * * * So that construing a promissory note, or any contract for the payment of an existing debt, with the instrument of guaranty, instead of being able to imply or infer from the terms and language of the instruments taken together, a consideration for the guaranty, no binding contract of guaranty even could be inferred; and herein lies the plain distinction between this case and * * * cases cited, where the guaranty was of a debt to be contracted on the credit of the guaranty, and the consideration a future one."

In addition, on behalf of the defendants, there was submitted in opposition to the motion for summary judgment an affidavit of the defendant Jacobsohn, in which it is alleged that the aforesaid letter upon which the plaintiff relies as a guaranty, was a letter of the Metro Corporation signed by the corporation and by the individual defendants as officers of the corporation, and was merely intended to be an offer by the corporation to pay its debt by means of the inclosed notes, but was not intended to be in any sense a guaranty of payment of said notes. In this connection it is alleged by the defendants that the name of the Metro Corporation was erased from said letter with which the notes were inclosed as aforesaid, after the letter was forwarded to the plaintiff. While it may be argued that because the Metro Corporation could not reasonably have intended to guarantee its own debt, the inference is that the corporate name was put on inadvertently and, therefore, erased by the defendants before delivery, yet the question whether the corporate name appeared upon the letter when it was mailed becomes one of fact for the consideration of a jury in the light of the evidence which may be adduced. If it be assumed that the corporate name appeared above the names of the individual defend-

ants when the letter was sent to the plaintiff, then the defendants would be entitled to introduce evidence to show that the letter was written solely on behalf of the corporation and signed by the defendants as officers of the corporation. In *Hoffstaedter* v. *Carlton Auto Supplies Co., Inc.* (203 App. Div. 494) the action was brought upon a promissory note executed by a corporation and by an individual. Said note contained the promissory recital in the plural, *i. e.,* " We promise to pay." The court by MERRELL, J., said: " The defendant offered to prove facts and circumstances attending the execution of the note to show that it was not the individual note of the defendant Lichtenstein, but that it was solely the note of the corporate defendant, and that the defendant Lichtenstein had no personal transactions with the plaintiff whereby he was to be personally bound. This offer was objected to by counsel for the plaintiff, and said objection was sustained by the trial court   *   *   *.

" We think the trial court erred in refusing to permit the defendant to give evidence of the circumstances under which the note was made and to show that it was not the individual note of the defendant Lichtenstein, but of the corporation."

Moreover, if the aforesaid alteration was made after the delivery of the writing, with intent to make an offer of payment by the corporation by the means of notes appear to be a personal guaranty of the notes by the defendants, this would be sufficient to invalidate the writing and render unnecessary any further inquiry as to its effect. As was said by RAPALLO, J., in *Meyer* v. *Huneke* (55 N. Y. 412, 416): " Where a contract is evidenced by several writings, all of which are material to show the actual agreement of the parties, the fraudulent alteration of any of them by one of the parties invalidates all."

The defendants also contend that even if the aforesaid letter be considered as an offer to guarantee such payment, the offer was not accepted, but in fact was rejected by the plaintiff. There is in evidence a letter, attention to which has already been called, purporting to be from the plaintiff to the Metro Corporation, reading as follows:

" DURR & HAUSWALD
" Sebowitz, [*sic*] Germany.
" Dated, *June 17th,* 1924.

" METRO FLOWER MANUFACTURING CORP.,
" New York:

" GENTLEMEN.— We acknowledge the receipt of yours of the 15th of June with the accompanied 15 acceptances, which altogether represent the value of $12,231.95 which covers a period of eighteen

months (otherwise a year and a half), but it is impossible for us to accept the same. No bank will discount and also our business houses don't care to accept it on account of the acceptance running too long. Acceptances dated over three months is not acceptable under no circumstances by our banks. We admire your courage. It isn't in our methods to write an unfriendly letter but this is going too far. Don't get sore that we are angry over this matter as you don't expect us to say ' amen ' in this transaction. We have delivered merchandise to your firm and it is businesslike that the merchandise should be paid and we are under the impression that we are doing business with a nice house. We like to be in good graces with our own merchants regarding credit. We also want to call your attention that we are not big merchants and it is a question of existence in our country on account of the shortage of money. We can frankly tell you that we don't know where our next money will come from to pay our labor. After all we ask you friendly and insist that in case you are not in a position to send us a check in full, please send us half of the amount in a certified check and the rest in acceptances not to run over three months. We take it for granted that you still have a soul in your body and hope that you will be good and try and help me as a small merchant, as I need the money. Furthermore the merchandise is long past due from bills dated February 5th, this year.

" We appeal to your human feeling and hope you will comply with our request as we are in need of money.

" Respectfully,

" DURR & HAUSWALD。

" P. S. As we are in great need. Please wire."

From the affidavits it appears that the plaintiff, who is in Germany, was communicated with by cable, as follows: " Cable whether guaranty of Katz and Jacobsohn rejected. If so date letter rejecting." To which the plaintiff replied: " Guaranty not rejected." There is thus an additional issue of fact as to whether there was an acceptance of the offer of guaranty. A contract of guaranty is no exception to the general rule that the mutual assent of the parties is necessary to the inception of a contract.

In *Dold Packing Co.* v. *Lampe* (199 App. Div. 199) Mr. Justice VAN KIRK, in writing for the court, said (p. 201): " A contract of guaranty, like other contracts, requires mutual assent of the minds of the parties. (*Davis* v. *Wells*, 104 U. S. 159; *Davis Sewing Machine Co.* v. *Richards*, 115 id. 524, 527.) * * * While some act necessary to the completion of the contract remains to be done, there is no contract. * * *" Also, in *Davis Sewing*

*Machine Co.* v. *Richards* (115 U. S. 524) Mr. Justice GRAY said (p. 527): " A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

Since it thus appears that there are substantial issues existing, the defendants are entitled to a trial in due course of these issues, and the motion for summary judgment should have been denied.

It follows that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.