PHILLIP E. DUNBAR ET AL., RESPONDENTS, v. IOWA STATE BANK, APPELLANT.[*]

Kansas City Court of Appeals. May 9, 1927.

[*]Corpus Juris-Cyc. References: Alteration of Instruments, 2CJ, p. 1203, n. 67; Bills and Notes, 8CJ, p. 512, n. 4; p. 1047, n. 10; Estoppel, 21CJ, p. 1172, n. 75; Evidence, 22CJ, p. 154, n. 6; 23CJ, p. 133, n. 30.

*B. L. Kaufmann* and *Culver, Phillip & Voorhees* for respondent.

*Landis & Duncan* for appellant.

WILLIAMS, C.—This is a suit upon two cashier's checks. The suit was brought in the circuit court of Buchanan county. Plaintiff had judgment and by appropriate action the defendant has brought the case here on appeal. There was an agreed statement of fact which is as follows:

"It is admitted in this case that one B. W. Miller, or a person representing himself to be B. W. Miller, deposited in the Iowa State Bank of Mt. Ayr, Iowa, on the 5th day of March, 1925, a check or what purported to be a check on the First National Bank of Englewood, Colorado, dated February 6, 1925, for eight hundred dollars payable to the order of B. W. Miller and purporting to be signed by Ralph W. Stringer and Co., by R. W. S., that when said check was so deposited in said Iowa State Bank, it bore the endorsement of said B. W. Miller, or said person representing himself to be said B. W. Miller and said B. W. Miller was given credit on the books of said bank for a deposit of eight hundred dollars.

" 'That thereafter, on March 5, 1925, said person representing himself to be B. W. Miller obtained from said Iowa State Bank two cashier's checks each in the sum of one hundred dollars payable to the order of B. W. Miller, one of said checks being dated March 14, 1925, the other of said checks being dated March 24, 1925; that in payment for said two cashier's check said B. W. Miller directed said Iowa State Bank to debit his said account of eight hundred dollars with the sum of two hundred dollars.

" 'That said cashier's checks were issued by said Iowa State Bank to said person and a debit of two hundred dollars was entered against the account of said B. W. Miller, so that the books of said bank after the issuance of the said two cashier's checks showed that the said B. W. Miller had a balance remaining to his credit of six hundred dollars; that the only deposit ever made in said Iowa State Bank by said B. W. Miller was said deposit of eight hundred dollars.

" 'That at the time said two cashier's checks were issued to said B. W. Miller by said bank, said cashier's checks were post-dated as aforesaid, by said bank for the express purpose of enabling said bank to send said check for eight hundred dollars to said First National Bank of Englewood, Colorado, and obtain returns on said check for eight hundred dollars before the due date of said cashier's checks.

" 'That when said check for eight hundred dollars was sent by said Iowa State Bank to said First National Bank of Englewood, Colorado, said check was protested by said Ralph W. Stringer and Company and payment of said check was refused by said First National Bank of Englewood, Colorado, on the 9th day of March, 1925, but said Iowa State Bank did not learn of the fact that payment of said check had been refused until the 11th or 12th day of March, 1925, and that said Iowa State Bank has not been able to collect said check for eight hundred dollars from the person whom it was signed:

" 'That on the 7th day of March, 1925, the said Iowa State Bank received a Western Union Telegram as follows:

" 'St. Joseph, Mo. 1:25 P. M. March 7, 1925. Iowa State Bank, Mt. Ayr, Iowa.

" 'Two one hundred dollar cashier checks lost. Do not pay. ·

" 'B. W. MILLER.'

" 'Thereafter, to-wit: on the 9th day of March, 1925, the two cashier's checks referred to were presented to the Iowa State Bank for payment by the Mount Ayr State Bank of Mt. Ayr, Iowa, and were protested and payment was refused by defendant on said date;

" 'That notice of protest was mailed by Clinton D. Allen on said date to B. W. Miller, the Mt. Ayr State Bank, Tootle Lacy National Bank, W. W. Arnold, W. C. Hulett and all other endorsers including the plaintiffs in this case.

" 'That when said checks were presented for payment, they did not bear or purport to bear the same date as the dates which had been originally written at the time said checks were issued, but that the figures before the numeral 4 on the date of each check were partly obliterated by pens being drawn in heavy circles so as to practically obliterate the original figures one and two which had been written before the figure ·4 on the date thereby changing the date of said checks from that which they originally bore so as to make them purport to be dated March 4, 1925; that the blots obliterating a part of the original dates of each check were shown to the cashier of the Mt. Ayr State Bank as well as to one Frank F. Fuller on the 9th day of March, 1925, prior to the time of ' protest on said March 9, 1925, prior to the time the payment of said checks was refused by the said Iowa State Bank of Mt. Ayr.

" 'It is further admitted that the name B. W. Miller as appears in pen and ink on the back of each of said cashier's checks is the signature of said B. W. Miller or the person representing himself to be B. W. Miller, who opened said account with the Iowa State Bank and the man to whom said cashier's checks were issued.

" 'It is also admitted that the section of the Statutes of Iowa pleaded in plaintiff's reply correctly sets out the Statute of Iowa.

" 'It is further admitted that plaintiffs' attorney acting for plaintiffs, wrote plaintiffs' Exhibit 1 to the defendant; that the defendant received plaintiffs' Exhibit 1 on the 31st day of March, 1925, and that plaintiffs' Exhibit 2 was written by Frank F. Fuller, as attorney for the defendant, and that plaintiffs' Exhibit 2 was written for and on behalf of defendant by defendant's attorney; that plaintiffs' Exhibit 3 was written and mailed to the defendant April 1, 1925, by the attorney for the plaintiffs acting for and on behalf of plaintiffs; plaintiffs' Exhibit 3 was received by the defendant on April 2, 1925, and that plaintiffs' Exhibit 4 is a reply to plaintiffs' Exhibit 3 and was

written by Frank F. Fuller acting as the attorney for the defendant and that he was authorized by the defendant to write plaintiffs' Exhibit 4 for the defendant."

After the agreed statement of facts was offered in evidence, the plaintiff introduced Exhibits 5 and 6, being the cashier's checks sued on. Defendant objected to the introduction of the checks only for the reason that the checks sued on had different dates from the checks offered in evidence.

The petition during the course of the trial was amended so as to show proper date of the checks.

Letters were introduced showing demand and refusal to pay.

The evidence further showed that the checks were cashed by one of the plaintiffs for its face value; that plaintiff who cashed the check testified he did not scrutinize the face of the check and did not pay any attention to the ink blots. A photostatic copy of the two checks is filed with the abstract of record. The evidence shows that the first figure in the date in both checks had been changed; that the change was made by the use of a different colored ink from that in which the check was written. The second letter on Exhibit 5 was also changed by making the figure "1" into a "4."

The cashier of defendant bank testified he had been in the banking business for sixteen years and that the change in the checks was easily noticeable to casual inspection; that it was a very prominent blot and not in the same colored ink as originally used in writing the checks; that the changes were made after the two checks left his hands and were given to Mr. Miller.

The defendant asked a peremptory instruction on both counts which the court refused to give.

Upon this evidence the court submitted the case to the jury.

It was agreed that the Code of the State of Iowa is as follows: " 'Alteration of instrument: Effect of. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.' "

There is no stipulation that the Code of Iowa is similar to the Code of Missouri in regard to what is a material alteration. We cannot take judicial notice of the statute of a foreign State. [McDonald v. Bankers Life Insurance Company of Des Moines, Iowa, 154 Mo. 1. c. 618.]

However, we do assume that the law of a sister State is the same as the law of Missouri. [McDonald v. Bankers Life Ins. Co. of Des Moines, Iowa, supra.]

We have no hesitancy in holding that a change of date is a material alteration irrespective of the Missouri statute and renders the paper void. As is well said by the Montana Supreme Court in Barton Savings Bank & Trust Co. v. Stephenson, 89 Atl. Rep. l. c. 641:

"A material alteration is one which makes the instrument speak a language different in legal effect from that which it originally spoke; an alteration which produces some change in the rights, interests, or obligations of the parties to the instrument. [1 Green. Ev., 565; note 86 Am. St. Rep. 86.] An alteration in the date of a writing, if it results in altering the legal effect of the instrument, as by changing the day of maturity, is a material alteration. [Wald's Pollock, on Con., 871; 2 Cyc. 201.] The date of a note ordinarily evidences the inception of the undertaking, fixes the time of payment, and determines the period of limitation; and, when this is the case, any change in the date will impart to the note a new legal effect and operation. [2 Dan. Neg. Inst., 1376, 1377; Newman v. King, 54 Ohio St. 273, 43 N. E. 683, 35 L. R. A. 471, 56 Am. St. Rep. 705; Lisle v. Rogers, 18 B. Mon. (Ky.) 528; Miller v. Gilleland, 19 Pa. 119.]"

This doctrine is well supported by the Missouri decisions [Paramore v. Lindsey, 63 Mo. 63, 66, 67; Kilpatrick v. Wiley, 197 Mo. 123.]

Plaintiff submitted his case on the theory that he did not discern any alteration on the face of the check.

Under the evidence of the witnesses, the exhibits and the stipulation, the change was such as to be apparent upon the face of the paper and was easily discernable by inspection.

It is not an answer in a case where a material alteration is patent upon the face of the instrument to say that the one purchasing did not see the alteration, and therefore becomes a holder in due course. [Mechanics Bank v. Valley Banking Co., 70 Mo. 643; Mechanics American Nat'l Bk. v. Helmbacher, 199 Mo. App. 173, l. c. 178; Paremore v. Lindsey, 63 Mo. 63, l. c. 67; Dowling v. Bank of St. Louis, 267 S. W. 1.]

Respondent relies upon the case of Ivan Link v. J. W. Jackson et al., 158 Mo. App., l. c. 63. However, this case does not discuss an altered instrument but only discusses the rights of innocent parties, the paper being regular upon its face. What the court said in discussing an innocent purchaser for value of paper regular upon its face can have no application to facts such as presented by this record.

It is next contended by respondent, one of two innocent parties must suffer, and the one who made the wrong possible is the one to suffer the loss. While this is a correct principle of law it cannot apply to a material alteration discernible upon the face of the paper. To apply that principle to the law of negotiable instruments would repeal many of our statutes upon that question.

The case of Jacob F. Kircher, Public Administrator of Cass county, Missouri, having in charge Estate of H. M. Dunnington, deceased,

v. F. M. Dunnington and Bertha E. Dunnington, recently decided by this court, supports the doctrine laid down. The case last mentioned was certified to the Supreme Court for the reason that there was a conflict of opinion between the judgment in that case and cases decided by the St. Louis Court of Appeals. [Grimes v. Whitesides, 65 Mo. App. 1, 3, 4; Noah v. Ins. Co., 69 Mo. App. 332, 336.] The only grounds for certifying were that in the cases decided by the St. Louis Court of Appeals it was held that a presumption remained even in the face of the facts, for some purposes and that the Supreme Court had ruled otherwise in Guthrie v. Holmes, 272 Mo. 215.

In this case no question as to the presumption arising in the case of an alteration of a written instrument was presented to the trial court nor is it urged here. No question of the burden of proof was or is presented. Therefore we think that this case should not be certified as the parties have chosen not to present these theories.

Judgment should be reversed, and judgment entered for defendant. *Frank, C.*, concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.*, concur; *Trimble, P. J.*, absent.