New Rochelle Securities Company, Appellant, *v.* International Thrift Society, Inc., et al., Defendants, and Milton Mayer et al., Respondents.

(Submitted January 14, 1936; decided January 28, 1936.)

*Walter H. Young* for appellant. There is no proof, and it cannot be presumed, that if the date of the note was changed, such change was made by or at the direction of the payee of the note, or with its knowledge. (*Linick* v. *Nutting & Co.*, 140 App. Div. 265.) Even if it be assumed that the date of the note was altered, such change was not material and does not avail the indorsers as a defense. (*Packard* v. *Windholz*, 40 Misc. Rep. 347; 88 App. Div. 365; 180 N. Y. 549.)

*Milton Mayer* and *Aaron Simmons* for respondents. The change in the date of the note constituted a material alteration within the meaning of the statute (Cons. Laws, ch. 38, §§ 205, 206), and operated to release the indorsers from liability. (*Hull* v. *Littauer*, 162 N. Y. 569; *Second Nat. Bank* v. *Weston*, 172 N. Y. 250; *Locicero* v. *Messina*, 239 App. Div. 635; *New York Bankers, Inc.*, v. *Duncan*, 257 N. Y. 160; *Littlefield* v. *Lawrence*, 83 App. Div. 327; *Chapin-Owen Co.* v. *Yeoman*, 233 App. Div. 492; *Chesapeake & Ohio Ry. Co.* v. *Martin*, 283 U. S. 209; *Washington Finance Corp.* v. *Glass*, 74 Wash. 653; *Wood*

v. *Steele*, 73 U. S. 80; *Booth* v. *Powers*, 56 N. Y. 22; *Meyer* v. *Huneke*, 55 N. Y. 412; *Crawford* v. *West Side Bank*, 100 N. Y. 50; *Elias* v. *Whitney*, 50 Misc. Rep. 326; *Abraham* v. *Sabbatino,* 102 Misc. Rep. 511; *Golden* v. *Furniture Frame Factories, Inc.*, 235 App. Div. 704; *Manufacturers Trust Co.* v. *Steinhardt*, 265 N. Y. 145; Plaintiff failed to sustain the burden of proof. (*Farmers Loan & Trust Co.* v. *Siefke*, 144 N. Y. 354; *Elias* v. *Whitney*, 50 Misc. Rep. 326.)

*Per Curiam.* The judgment should be affirmed upon the ground that the note in suit had been materially altered without the consent of the respondents, that plaintiff's assignor was not a holder in due course as it was apparent on inspection that the note had been altered, and the plaintiff failed to sustain the burden of proof upon the question of alteration of the note. (See sections 91, 205 and 206 of the Negotiable Instruments Law [Cons. Laws, ch. 38]; *National Ulster County Bank* v. *Madden*, 114 N. Y. 280.) Other points raised not answered.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.