HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent, v. LUCILE BLACK, Appellant.

First Department, February 26, 1943.

*Alexander Stone* of counsel (*Murry C. Becker* with him on the brief; *Becker, Ross & Stone*, attorneys), for appellant.

*Herman Kahn* for respondent.

*Per Curiam.* A question of fact was presented which should have been submitted to the jury concerning the consideration for the defendant's indemnity agreement. The plaintiff's bond was executed on May 10, 1935. The indemnity agreement, though dated April 14, 1935, was executed on June 27th. The recital of that agreement that the plaintiff had written its bond " at the request " of the defendant and " upon condition " that the indemnity agreement would be executed by her was contradicted by the defendant's testimony that no such request had been made or condition assumed previous to the execution of the indemnity agreement. The defendant testified that previous to June 27, 1935, she had never been asked to agree to sign an indemnity agreement if the plaintiff should write the bond. If the jury believed that testimony then the indemnity agreement executed by the defendant more than two months after the plaintiff had furnished its bond was without consideration. (*Pink* v. *Meyer,* 248 App. Div. 566; *Hauswald* v. *Katz,* 216 App. Div. 92; 1 Williston on Contracts [Rev. ed.], §§ 15, 142.)

We are mindful of the fact that an assistant superintendent of the plaintiff's surety department testified that in writing its bond the plaintiff had relied on the statement of an insurance broker that the defendant had promised to execute the indemnity agreement. The evidence does not establish, however, that the broker was employed by the defendant to secure the bond, but suggests rather that he was employed by the corporation, controlled by the defendant's husband, in whose interest the bond was given.

This conclusion renders unnecessary consideration of the other questions presented on this appeal.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.