MANUEL MEDEIROS, JUNIOR *vs.* FELLSWAY MOTORS, INC.

Suffolk.    December 4, 1950. — January 4, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Bills and Notes,* Alteration, Holder in due course. *Practice, Civil,* Findings by judge.

A finding by a judge in an action at law, that an alteration of the date of a check was apparent on inspection, could not be said to be erroneous as matter of law and therefore must stand.

A holder of a check, who took it for value but at a time when it had on its face a patent alteration of its date made without the knowledge or consent of the drawer after· he had delivered it, was not a holder in due course within G. L. (Ter. Ed.) c. 107, § 75, and could not recover from the drawer on the check upon his stopping payment thereof.

CONTRACT. Writ in the Superior Court dated December 10, 1946.

The action was heard by *Donahue,* J.

*H. W. Radovsky,* for the plaintiff.

*B. S. Freeman,* (*A. Felton* with him,) for the defendant.

RONAN, J. This is an action of contract against the drawer of a check. The judge found that the plaintiff was a holder for value, and that, the date of the check having been changed from October 25, 1946, to October 28, 1946, this alteration was apparent on inspection and constituted an infirmity in the instrument which prevented the plaintiff from being a holder in due course. He found for the defendant and reported the case to this court under a stipulation that, if he was in error, judgment was to be entered for the plaintiff, otherwise judgment was to be entered for the defendant.

The defendant, a reputable used car dealer, maintained a place of business in Boston to which a person purporting to be one Therrien came on October 23, 1946. He then offered to sell the defendant an automobile and showed the

defendant some papers identifying himself as Therrien, and a bill of sale of the automobile. The defendant purchased the automobile and gave him a check for $1,200 which it dated ahead to October 25, 1946, in order to give it an opportunity to investigate the title to the automobile. On the next day, it discovered that the person from whom it purchased the automobile was an impostor who had stolen the automobile and the identifying papers. The defendant stopped payment on the check on either October 24 or October 25, 1946. The impostor drew a line through the numeral 5 in the date of the check to make it resemble the numeral 8. On October 29, 1946, he met the plaintiff, a used car dealer, and purchased an automobile for $764 which he paid for by the $1,200 check, receiving the balance in cash. The plaintiff deposited the check on October 30, 1946, but, payment having been stopped by the defendant, the plaintiff received nothing.

This is an action at law. Although the crucial evidence submitted to the judge and on which his decision was principally based was the check itself, we do not stand with respect to that decision where the trial judge stood. We do not review or revise that decision. The only question for us is to determine from the evidence whether it can be supported in law or whether as matter of law it must be reversed. We have examined the check. The written portion of the body of the check is in very broad flowing lines. The alteration was made by a straight, narrow, diagonal line from the right hand top edge of the figure 5 to the lower left hand curved end of this figure. This line was made with a different ink. We cannot say that the finding that this alteration was apparent on inspection is erroneous as matter of law although the question is close. *Mansfield* v. *Secretary of the Commonwealth*, 228 Mass. 262, 264. *Andrews* v. *Registrars of Voters of Easton*, 246 Mass. 572. *Hall* v. *Barton*, 290 Mass. 476, 481.

The check at the time it was taken for value by the plaintiff disclosed upon its face a change in its date which

was a material alteration as defined by G. L. (Ter. Ed.)
c. 107, § 148. The judge found that this change was made
by the impostor without the knowledge or assent of the
defendant and after it had been delivered to him by the
defendant. The check was not complete and regular upon
its face because of the patent alteration in its date, and
the plaintiff, although he took it for value, did not become
a holder in due course. G. L. (Ter. Ed.) c. 107, § 75 (1).
*Pensacola State Bank* v. *Melton,* 210 Fed. 57. *Johnson* v.
*T. M. Dover Mercantile Co.* 164 Ark. 371. *W. W. Marshall
& Co.* v. *Kirschbraun & Sons,* 100 Neb. 876. *Elias* v.
*Whitney,* 50 Misc. (N. Y.) 326. *New Rochelle Securities
Co.* v. *International Thrift Society, Inc.* 270 N. Y. 52. *Commercial Security Co.* v. *Donald Drug Co.* 115 S. C. 48. *Charleston Paint Co.* v. *Exchange Banking & Trust Co.* 129 S. C.
290. *Idaho State Bank* v. *Hooper Sugar Co.* 74 Utah, 24.

We do not think that the plaintiff is aided by G. L. (Ter.
Ed.) c. 107, § 79, which provides that a holder is not to be
charged with notice of an infirmity in the instrument or
defect in the title of the person negotiating it in the absence
of actual knowledge of the infirmity or the defect or knowledge of such facts that his action in taking the instrument
amounted to bad faith, because he is chargeable with what
appears upon the face of the instrument. *Dunbar* v. *Iowa
State Bank,* 221 Mo. App. 979. *Elias* v. *Whitney,* 50 Misc.
(N. Y.) 326. Bigelow, Bills, Notes & Checks (3d ed.) § 530.
Brannan's Negotiable Instruments Law (6th ed.) § 124.

A holder in due course of a materially altered instrument
may recover according to its original tenor by virtue of
G. L. (Ter. Ed.) c. 107, § 147, but this section does not
apply because one who takes an instrument which is not
complete and regular on its face is not a holder in due
course according to G. L. (Ter. Ed.) c. 107, § 75.

The case is distinguishable from *Drum* v. *Drum,* 133
Mass. 566, as the jury there could have found that the note
had not been materially altered when the plaintiff took it;
and that it was not altered by the plaintiff and might have
been altered by a stranger. There is nothing in the other

cases relied upon by the plaintiff that calls for further discussion. In none of them did the instruments, at the time they were taken by the holders, show on their faces a material alteration, apparent upon inspection, which was not authorized or assented to by the defendants.

According to the stipulation judgment is to be entered for the defendant.

*So ordered.*