Harold Baer, J.
This is an action on a note. The case was tried before the court without a jury. Formal findings of fact and conclusions of law were waived.
One Blau, a business broker, brought about the sale of a restaurant from Main Stem Restaurant Corp. to the defendant Turf Broadway, Inc. Prior to the sale, Blau agreed in writing to return to Turf two thirds of his commission. The transaction was consummated for $375,000, part cash and the balance in 96 notes due one month apart, each in the sum of $3,515. Blau received his commission of $18,750, $1,175 in cash and five *985 of the afore-mentioned notes each for $3,515 and due one year apart.
The notes are in ordinary negotiable form of notes in a series, made by the buyer to the seller. The latter indorsed the five notes “ Pay to the order of Joseph Blau, without recourse, Main Stem Restaurant Corp., Jack J. Amiel, Pres.”
Soon after receipt of the commission, Blau visited defendant Turf, gave them two thirds of the cash commission and defendants wrote upon the reverse side of the five notes, under the above-stated indorsement, “Joseph Blau is not to negotiate these notes.” Blau initialed this statement. He also gave five notes to Turf, each one being due four days after the commission notes and each one for two thirds of the amount of the commission notes. The first commission note due in January, 1957 was paid. Blau stopped payment on his counternote allegedly because he was wrongfully discharged from his employment with Turf but adjustments were made and this counternote was paid.
The note at issue was due in February, 1958. A month before it became due, Blau crossed out the clause that he was not to negotiate the note and sold it to the plaintiff for $3,165. On due date, defendant stopped payment on the note and plaintiff brings this action against defendant Turf.
The said defendant contends that there is a material alteration of the note with intent to defraud so that the instrument is void and that the plaintiff is not a holder in due course because the alteration was apparent. Defendant Turf served a third-party complaint upon Blau as third-party defendant, contending that if plaintiff is entitled to collect, then as to two thirds of the amount of the note, Blau, third-party defendant, is liable.
The third-party defendant admits the transactions herein-above outlined. However, it is his contention that after contract and before closing title to the restaurant he was employed by defendant Turf as night manager for the period of one year; that he entered upon such employment, but after 11 weeks defendant Turf wrongfully discharged him thereby breaching their agreement; that in December, 1957 defendant Turf agreed with Blau to cancellation of all agreements and claims whereby Blau gave up his salary claim for the balance of the contract year in exchange for Turf canceling the agreement by Blau to turn over two thirds of the commission. That in pursuance thereof Blau was authorized to cross out the nonnegotiability clause on the back of the unpaid notes and was to receive back his counternotes. Finally, Blau counterclaims for breach of the *986 employment contract or the approximate equivalent, measured by the value of the two thirds of the remaining unpaid notes.
There are a number of issues raised by the pleadings and the proof. Before deciding the main issue, peripheral issues can be decided. The third-party defendant has not sustained his burden of proof on his affirmative defense or on his counterclaim. The preponderance of credible evidence does not bear out his claim that there was an oral employment contract for a year or that there was a novation canceling all previous agreements between the parties. Aside from the deficiencies in proof and credibility, the counterclaim is based on a salary of $200 per week for 52 weeks whereas his testimony is that he cancelled the alleged contract for a year in exchange for cancellation of his counternotes (which were not returned to him) representing two thirds of the commission. If this be accepted as a fact, three of the notes totalling $10,545 are not due and the two-thirds share that he claims under the novation, approximates the counterclaim he attempted to prove at the trial. If the claim has any merit it is premature by his own testimony and therefore, on the law and the facts, the counterclaim is dismissed.
The defendant contends that there is a material alteration which voids the note (Negotiable Instruments Law, § 205). The plaintiff contends that he is a holder in due course (Negotiable Instruments Law, § 91); that the note was properly indorsed and that he had no actual knowledge of any defect as there was no material alteration (Negotiable Instruments Law, §§ 205, 206).
The court cannot agree entirely with either contention. There is no case in this State that is exactly in point. However, there are certain established principles. While section 205 of the Negotiable Instruments Law states that a negotiable instrument materially altered is void, most courts in considering whether or not a right exists to recover on the underlying indebtedness, make a distinction between an alteration made with fraudulent intent and without fraudulent intent. (Meyer v. Huneke, 55 N. Y. 412, 416-417; Booth v. Powers, 56 N. Y. 22, 31; Crawford v. West Side Bank, 100 N. Y. 50, 56; Columbia Distilling Co. v. Rech, 151 App. Div. 128, 130; Hauswald v. Katz, 216 App. Div. 92, 95; Ann. 127 A. L. R. 343, 344; 10 C. J. S., Bills and Notes, § 486, p. 1065.) All of the cases cited seem to hold that only where the alteration is made with fraudulent intent does the taint extinguish the underlying indebtedness.
*987 Whether or not an alteration is made with fraudulent intent is a question of fact (Crawford v. West Side Bank, supra; Columbia Distilling Co. v. Rech, supra; Booth v. Powers, supra).
From the testimony and evidence presented to me, the defendant has not sustained its burden, by a preponderance of the credible evidence, of proving fraud.
Section 206 of the Negotiable Instruments Law sets forth what constitutes a material alteration. The only part applicable to the note here at issue is the last over-all clause, “ or any other change or addition which alters the effect of the instrument in any respect, is a material alteration.”
There is ample law that changing a nonnegotiable instrument to one that is negotiable is a material alteration (Booth v. Powers, supra, p. 29; Hauswald v. Katz, supra; Aamoth v. Hunter, 33 N. D. 582; 10 C. J. S., Bills and Notes, § 486, p. 1073) but I could find no case that would apply to the situation at issue. Here, a note was duly indorsed by the payee to one Blau who indorsed it to the plaintiff. The alteration in the note is between these two indorsements. Blau crossed out what defendant Turf had written. That writing was in furtherance of an agreement between Turf and Blau. The latter crossed it out after a disagreement with Turf, the maker of the note. This was done after the note was executed, delivered to the payee and indorsed by the payee to Blau. The note as originally issued by the maker was not altered to change its effect. The insertion by the maker after delivery and negotiation, which was obliterated by the then holder, was only evidence of a collateral agreement between parties and did not alter the underlying agreement.
The question arises as to whether or not the plaintiff is a holder in due course. If he is, then he is entitled to collect according to the original tenor of the note (Negotiable Instruments Law, § 205; Booth v. Powers, supra; Mutual Loan Assn. v. Lesser, 76 App. Div. 614). However, the alteration on this note is so obvious upon inspection that plaintiff cannot be heard to say that he had no notice of any infirmity (Negotiable Instruments Law, § 91; Elias v. Whitney, 50 Misc. 326; New Rochelle Securities Co. v. International Thrift Soc., 270 N. Y. 52). At least he was put to the duty of making inquiry regarding the obliteration, which admittedly he failed to do.
Under the circumstances he took the instrument as a transferee subject to all the defenses that were available to the maker against his transferor. The maker then, is in no different position than it would be if the notation made by it had not been crossed off the note. It holds Blau’s note for two thirds of the *988 amount here involved, or $2,343.34 which was due on February 14, 1958, which under this decision should be returned and cancelled.
Judgment for the plaintiff Oltarsh against defendant Turf for $1,171.66 with interest at 4% from January 10,1957 to February 10, 1958 and 6% to date — without prejudice to any cause of action plaintiff Oltarsh may be advised to bring against the third-party defendant Blau for the balance claimed.
Ten days’ stay, 60 days to make a case.