### (April 17, 1980)

■ BARTLETT H. HOLT et al., Respondents, v STANLEY FEIGENBAUM, Appellant.—Appeal (1) from an order of the Supreme Court at Special Term, entered December 22, 1978 in Broome County, which reaffirmed a prior order of the same court, entered September 27, 1978 in Broome County, granting summary judgment to plaintiffs, and (2) from the judgment entered thereon. The parties are stockholders in Mobile Modular Industries, Inc., a corporation which was in need of capital to continue its operations. In furtherance of that need, the First City National Bank of Binghamton, New York, agreed to establish a line of credit for the corporation in the sum of $100,000, provided the loan was secured by the individual guarantees of the stockholders. All of the stockholders except the defendant executed guarantees to the bank. Either contemporaneously therewith or shortly thereafter, all the stockholders, including the defendant, executed a "Cross-Indemnification Agreement" to limit their individual liability in the event of corporate default by agreeing to indemnify each other so that no one stockholder would have to pay an amount greater than the assigned proportionate share of each. In 1973 the corporation defaulted and the bank collected $86,420.65 from the stockholders who had executed individual guarantees. Upon defen-

dant's refusal to contribute the sum assigned to him in accordance with the cross-indemnification agreement, the plaintiffs commenced this action. Thereafter, Special Term denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion requiring defendant to pay his agreed share of the loss. We reject defendant's contention that he is not liable on the cross-indemnification agreement on the ground of lack of consideration. Although defendant was not liable as a guarantor to the bank for any loss sustained by the corporation's default, he promised to indemnify the plaintiffs so that no stockholder, including himself, would pay more than his proportionate share specified in the agreement. Defendant benefited when the bank loaned the funds to the corporation and all the stockholders who signed the cross-indemnification agreement assumed potential liability to each other. Thus, defendant promised to indemnify plaintiffs for becoming guarantors for the corporation, and as the Court of Appeals explained in *Jones v Bacon* (145 NY 446, 449), the assumption of such a responsibility was "sufficient consideration" for the promise. Judgment and order affirmed, with costs. Greenblott, Mikoll and Herlihy, JJ., concur.

Mahoney, P. J., and Main, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). In granting summary relief Special Term essentially found that defendant's contention that there was a failure of consideration to support the cross-indemnification contract was without merit, it being the view of Special Term that defendant should be estopped from denying that he was a guarantor since the cross-indemnification agreement identifies him as such, and, further, he represented therein that the bank had the right to seek recovery from him for the entire obligation. Moreover, Special Term held that defendant was also estopped from denying he was a guarantor of the bank loan since he knew when he signed the indemnity agreement that he had not signed a guarantee of the loan, yet permitted his fellow stockholders to believe that he had. We feel there are factual issues to be determined at trial and, accordingly, that the trial court erred in granting plaintiffs summary relief. It is clear that the bank was satisfied by the number of personal stockholder guarantees it obtained to secure the loan of $100,000 to the corporation. The defendant was not one of those guarantors. The cross-indemnification agreement had absolutely nothing to do with the loan, its only purpose being to limit the personal liability of the signatories should the corporation default on the loan and the bank choose to redeem its loss from the shareholders who signed individual guarantees. Thus, the defendant, at the time he signed the indemnification contract, was not, nor could he become, liable as a guarantor to the bank for any loss sustained by corporate default. The legal detriment that plaintiffs suffered was anchored to their personal guarantees and not related to any promise defendant made in the indemnity contract. (Cf. *Allegheny Coll. v National Chautauqua County Bank of Jamestown,* 246 NY 369; 1 Williston, Contracts [3d ed], § 102A; Restatement, Contracts, § 76.) Therefore, under the terms of the indemnity agreement he could neither obtain a benefit nor inflict a detriment on the other signatories with respect to their individual contracts of guarantee. It follows that, as to him, the contract was without consideration. However, if, as plaintiffs contend and defendant denies, the defendant promised the plaintiffs that he would also personally guarantee the bank loan and become a signatory of the indemnification agreement, and, as plaintiffs contend, they relied on that promise in executing their individual guarantees, then such reliance would generate the consideration necessary to validate the indemnity agree-

ment as to all parties thereto, including the defendant. Next, such promises, if established, would create an equitable estoppel effectively precluding defendant from relying on his conduct as a defense to plaintiffs' action. The presence or absence of such promises on the part of defendant can only be ascertained at trial (see *Hartford Acc. & Ind. Co. v Black,* 265 App Div 524). Since a trial of all issues is necessary, we do not reach defendant's contention that a hearing is necessary to determine the exact amount owed under the provision of the indemnity contract. Accordingly, the order and judgment should be reversed and the cross motion denied.