(November 25, 1985)

■ JEROME BERG, Respondent-Appellant, v PHYLLIS CACOULIDIS et al., Appellants-Respondents, and PHILIP E. PRASSAS, Respondent-Appellant, et al., Defendants.—In an action to foreclose a mortgage, defendants John and Phyllis Cacoulidis, 591 Stewart Avenue Company (a limited partnership) and 591 Stewart Avenue Realty Corp. appeal, and plaintiff Jerome Berg and defendant Philip Prassas cross-appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), entered July 19, 1984, which, *inter alia,* directed the sale of the premises in question and foreclosure of the mortgage.

Cross appeals dismissed, without costs or disbursements. The cross appellants failed to perfect their appeals.

Judgment modified, on the law, by deleting the third, fourth, fifth and sixth decretal paragraphs thereof, and by deleting so much of the second decretal paragraph thereof as awarded plaintiff the principal sum of $35,000 as and for counsel fees, and by adding a provision thereto that the judgment in the principal sum of $174,000 be against defendants John and Phyllis Cacoulidis only. As so modified, judgment affirmed, without costs or disbursements.

There is no dispute that defendants John and Phyllis Cacoulidis executed an instrument in which they promised to pay plaintiff Jerome Berg the sum of $174,000 on April 1, 1980. There is, however, a dispute as to whether they consented to an alteration of that instrument so as to provide for an interest rate of 6% on that obligation. The evidence in the record supports the finding of fact that, even if unauthorized, any such alteration of the note was made without fraudulent intent on the part of plaintiff or his agent. Special Term's conclusion that the note should be enforced according to its original tenor, i.e., without interest, should therefore be sus-

tained *(Meyer v Huneke,* 55 NY 412; *Oltarsh v Turf Broadway,* 12 Misc 2d 984; 3 NY Jur 2d, Alteration of Instruments, § 19).

The Cacoulidises also argue that the subject note is unenforceable because it is criminally usurious. We disagree. Usury must be proved by clear and convincing evidence *(Giventer v Arnow,* 37 NY2d 305; *Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 594). A review of the record reveals, however, that appellants' argument that the principal amount of $174,000 includes disguised interest on some other principal sum, so that the true interest rate was 29.65%, is completely unsupported by the evidence. We conclude, therefore, that plaintiff is entitled to judgment in the amount of $174,000 against defendants John and Phyllis Cacoulidis, plus interest from April 1, 1980, the date the note became due.

However, we find that Special Term erred in directing a sale of the premises at 591 Stewart Avenue. A review of the record indicates that the $174,000 note was not *secured* by the mortgage on the premises, which was sought to be foreclosed. Rather the mortgage, which served a separate debt, was assigned to plaintiff as collateral security for the note *(see generally, Federal Deposit Ins. Corp. v Forte,* 94 AD2d 59; *GIT Indus. v Rose,* 81 AD2d 656, *appeal dismissed* 54 NY2d 752). We therefore conclude that plaintiff is not entitled to foreclose this mortgage since there is no evidence that the $450,000 debt it secures is in default. It also appears that the award of $35,000 in counsel fees was made pursuant to a provision in this mortgage. Since plaintiff is not entitled to any relief pursuant to the terms of the mortgage, the award of counsel fees must be deleted. Mollen, P. J., Rubin, Lawrence and Kooper, JJ., concur.