■ JEROME BERG, Respondent, v PHYLLIS CACOULIDIS et al., Appellants, et al., Defendants.—In a mortgage foreclosure action, the defendants Phyllis Cacoulidis and John Cacoulidis appeal from (1) an order of the Supreme Court, Nassau County (Christ, J.), dated December 17, 1985, which directed that the judgment previously entered in the action on July 19, 1984, as modified by an order of this court dated November 25, 1985 (see, Berg v Cacoulidis, 114 AD2d 986), be docketed in favor of the plaintiff and against the appellants in the principal sum of $174,000, together with interest from April 1, 1980, in the sum of $92,244.18, and costs and disbursements in the sum of $1,004, for a total sum of $267,248.18, plus interest of

$58.54 per day from December 13, 1985, to the date of docketing; and (2) an amended judgment of the same court, dated December 17, 1985, docketed upon the aforesaid order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order has been dismissed, since the right to separately appeal therefrom was extinguished upon the entry of the judgment (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

The respondent initially commenced a foreclosure action upon the premises located at 591 Stewart Avenue, Garden City, New York, on the theory that the mortgage on the property secured a note executed by the appellants in which they promised to pay the plaintiff the sum of $174,000. After the trial of the action, a judgment was entered on July 19, 1984, which, inter alia, directed the sale of the premises in question and the foreclosure of the mortgage.

Upon the appeal and cross appeal from that judgment, this court modified the judgment, holding, inter alia, that although the note was not secured by the mortgage on the premises which the plaintiff sought to foreclose, the plaintiff was entitled to judgment in the amount of $174,000 against the appellants, together with interest from the date the note became due (see, Berg v Cacoulidis, 114 AD2d 986, supra).

After the decision and order of this court on the appeal from the July 19, 1984 judgment, an order and subsequent amended judgment were entered in favor of the respondent which included an award of interest computed on the sum of $174,000 from April 1, 1980 to April 2, 1984, the date of Justice Christ's decision, then computed on the total sum as of April 2, 1984 until July 19, 1984, the date of the entry of the judgment, and then computed on the total sum as of July 19, 1984 until December 13, 1985, the date a proposed judgment was noticed for settlement before the County Clerk.

The CPLR provides that interest shall be recovered upon a sum awarded as a result of a breach of performance of a contract from the date specified in the verdict, report or decision until the date the verdict is rendered or the report or decision is made, and it is to be included in the total sum awarded (see, CPLR 5001 [a], [b], [c]). Interest shall also be

recovered upon the total sum awarded, including interest to verdict, report or decision, from the date the verdict was rendered or the report or decision was made to the date of the entry of a final judgment *(see,* CPLR 5002), and every money judgment shall bear interest from the date of its entry *(see,* CPLR 5003).

We reject the appellants' contention that because the judgment entered July 19, 1984 was merely an in rem judgment against real property, which was not converted into a personal money judgment against the appellants until the order of this court dated November 25, 1985, which modified the judgment, the respondent is only entitled to compute simple interest on the sum of $174,000 from April 1, 1980 until November 25, 1985, without compounding the interest pursuant to CPLR 5001, 5002 and 5003. The modification of the judgment of July 19, 1984 was an exercise of the power of this court to grant the judgment which the trial court should have granted *(see, Cooperman v Ferrentino,* 38 AD2d 945), and the plaintiff is thus entitled to recover interest as provided by the CPLR. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.