# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3969

_____

| | | |
|---|---|---|
| Martha Beatriz Ibarra de Varela; | * | |
| Samuel Varela-Ibarra; Karen | * | |
| Paulina Varela-Ibarra; Luis | * | |
| Armando Varela-Ibarra, | * | |
| | * | Petition for Review of an |
| Petitioners, | * | Order of the Board of |
| | * | Immigration Appeals. |
| v. | * | |
| | * | |
| John Ashcroft, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: February 13, 2004
Filed: May 13, 2004

_____

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, and RILEY, Circuit
Judges.

_____

RILEY, Circuit Judge.

Martha Beatriz Ibarra de Varela (Varela), a native and citizen of Mexico, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). The BIA held Varela was statutorily ineligible to adjust her status to that of a permanent resident based upon the immigrant visa petition filed by her former husband, a United States citizen, because the Immigration and Naturalization

Service (INS) denied her immigrant visa petition in 1997 for failure to prosecute. Furthermore, the BIA held the INS could not be equitably estopped, because Varela failed to establish the INS committed "affirmative misconduct." We deny the petition and affirm the BIA's decision.

We review de novo the BIA's legal conclusions, giving substantial deference to the BIA's interpretation of section 245(a) of the Immigration and Naturalization Act (Act), 8 U.S.C. § 1255(a), and its implementing regulations. See INS v. Aguirre-Aguirre, 526 U.S. 415, 424 (1999); Escudero-Corona v. INS, 244 F.3d 608, 613 (8th Cir. 2001).

An alien may become a permanent resident, and the Attorney General, at his discretion, may adjust the status of an alien "to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). The record clearly establishes Varela is statutorily ineligible for adjustment of status, because she cannot establish an immigrant visa was immediately available to her. The record shows the INS denied Varela's original immigration visa petition on January 30, 1997, and Varela presented no evidence establishing a subsequent immigrant visa petition had been filed on her behalf during the intervening years. Therefore, the immigration judge lacked jurisdiction to adjudicate Varela's adjustment application, and properly ordered her deported to Mexico.

Varela principally argues the BIA erred in failing to equitably estop the INS from placing her in removal proceedings, contending (1) the INS erroneously advised her to depart the United States voluntarily while her immigration visa application was pending, and (2) the INS then failed to forward her adjustment application to the consular office in Mexico for processing. To establish a claim of equitable estoppel,

Varela must prove: (1) false representation by the government; (2) the government had the intent to induce the claimant to act on the misrepresentation; (3) "the claimant's lack of knowledge or inability to obtain the true facts"; and (4) the claimant's reliance on the misrepresentation to her detriment. Story v. Marsh, 732 F.2d 1375, 1383 (8th Cir. 1984). Additionally, because Varela seeks to invoke equitable estoppel against the government, Varela must first prove the government committed "affirmative misconduct." Wang v. Att'y Gen., 823 F.2d 1273, 1276 (8th Cir. 1987) (citing INS v. Miranda, 459 U.S. 14, 17-18 (1982) (per curiam)). We agree with the BIA's legal conclusion that Varela's allegations against the INS do not rise to the actionable level of affirmative misconduct required under Miranda. See, e.g., Montana v. Kennedy, 366 U.S. 308, 314-15 (1961) (declaring an American consular official's misstatement that petitioner's mother could not, due to her pregnancy, receive a passport to leave Italy and return to America, "falls far short of misconduct such as might prevent the United States from relying on the petitioner's foreign birth"); Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc) (holding negligently provided misinformation an alien received from an INS officer could not serve as the basis for equitable estoppel, because the alien must show the INS engaged in "affirmative misconduct," defined as a "deliberate lie" or "a pattern of false promises").

Accordingly, we deny Varela's petition.

_____