# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2033

_____

Margarito Mejia-Perez,                    *
                                          *
              Petitioner,                 *
                                          *
      v.                                  *   On Petition for Review of an
                                          *   Order of the Board of
Alberto Gonzales, Attorney General of     *   Immigration Appeals.
the United States; Michael Chertoff,      *
Secretary of Department of Homeland       *
Security,                                 *
                                          *
              Respondents.                *

_____

Submitted: June 15, 2007
Filed: July 25, 2007

_____

Before MURPHY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Margarito Mejia-Perez filed a Request for Asylum with the Immigration and Naturalization Service (INS) (now the Department of Homeland Security (DHS)) on October 12, 1994. The INS did not act on the application until October 20, 2003, when it served Mejia-Perez with a Notice to Appear charging him with inadmissibility. The DHS conducted a removal hearing on January 27, 2005, and on that date, the Immigration Judge (IJ) denied Mejia-Perez's request for asylum. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and rejected Mejia-

Perez's claim that the agency's nine-year delay in adjudicating the asylum application prejudiced his case. Mejia-Perez petitions this court for review and requests a remand to the agency to determine whether the government should be estopped from denying his application for asylum on account of the delay. We deny the petition.

In order to establish a claim of equitable estoppel against the government, Mejia-Perez must prove: (1) a false representation by the government; (2) the government's intent to induce Mejia-Perez to act on the misrepresentation; (3) Mejia-Perez's lack of knowledge or inability to obtain the true facts; (4) Mejia-Perez's detrimental reliance; and (5) affirmative misconduct by the government. See Varela v. Ashcroft, 368 F.3d 864, 866 (8th Cir. 2004). Mejia-Perez asserts that the agency's nine-year delay in adjudicating his asylum application prejudiced his case because during the delay conditions in his native country, Guatemala, changed so that he was no longer eligible for asylum. Before considering whether Mejia-Perez was indeed prejudiced by the delay, however, we must consider whether the government committed affirmative misconduct by failing to adjudicate Mejia-Perez's application for nine years. See Wang v. Att'y Gen. of U.S., 823 F.2d 1273, 1276 (8th Cir. 1987) (citing INS v. Miranda, 459 U.S. 14, 17 (1982) (per curiam)). In Valera, this Court cited with approval the Ninth Circuit's statement that "'affirmative misconduct'" in the immigration context is more than mere negligence; it is "defined as a 'deliberate lie' or 'a pattern of false promises.'" 368 F.3d at 866 (quoting Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc)).

Previous cases have rejected the argument that delay by the government in processing an immigration application constitutes affirmative misconduct. In Miranda, the Supreme Court considered whether an eighteen-month delay by the INS in acting on an application qualified as affirmative misconduct. 459 U.S. at 18. In that case, the applicant contended that he had been prejudiced by the agency's delay because during that time, his spouse had withdrawn her supporting petition, and that withdrawal proved fatal to his application. Id. at 15. The Court held that the delay did

not amount to affirmative misconduct and therefore the applicant's argument for estoppel failed.  Id. at 18.  The Court observed that there was no evidence that the delay had been "unwarranted" and stated that even if the government's delay had been negligent, that was insufficient to estop the government.  Id.  The Court also stated that the harm to the applicant was insufficient to invoke estoppel.  Id.  Additionally, the Court noted that because the INS was charged with administering the immigration laws, "[a]ppropriate deference must be accorded its decisions."  Id. at 19.  The Court concluded by stating, "Proof only that the Government failed to process promptly an application falls far short of establishing [affirmative] [mis]conduct."  Id.

In Wang, this Court considered whether a negligent three-year delay in processing an immigration application coupled with "possible bad faith" by the agency constituted affirmative misconduct.  823 F.2d at 1277.  In that case, the applicant properly applied for permanent residency under a provision for adjustment of status of foreign diplomats.  Id. at 1274.  After interviewing the applicant and verifying his status—tasks that took over one year to complete—the local INS office forwarded his application to the Washington office in contravention of INS policies concerning the completeness of applications.  Id. at 1274–75.  Despite the Washington office's instructions to expedite the application, the local office did not contact the applicant for an additional nine months.  Id. at 1275.  The local office incorrectly represented to the applicant that it had not received proper documents and made the applicant resubmit them.  Id.  The local office finally forwarded the completed application to the Washington office, nearly twenty-seven months after the application had been originally filed.  Id.  The Washington office, however, did not adjudicate the application for an additional nine months.  Id.  During that time, Congress enacted more stringent requirements for gaining permanent-resident status.  Id.  The INS estimated that absent this final delay, the application would have been submitted for final approval prior to the enactment of the new eligibility rules.  Id.  The Washington office returned the application and demanded that the applicant comply with the new requirements.  Id.  This Court observed that not only had the applicant alleged delay

in the handling of his application but also that the INS had provided him with erroneous advice, which was an "improper effort to blame Wang for its own errors." Id. at 1277. This Court held, however, that the agency's negligent delay and "possible bad faith" did not constitute affirmative misconduct according to controlling Supreme Court precedent, including Miranda. Id.

In Kowalczyk v. INS, 245 F.3d 1143 (10th Cir. 2001), the Tenth Circuit considered whether a nine-year delay by the BIA in deciding the applicant's appeal from an asylum denial constituted affirmative misconduct. Id. at 1149. During that delay, conditions in the applicant's native country had changed, which, according to the BIA, adversely affected his asylum application. Id. at 1146. The court, although "mystified by the amount of time it took the BIA to decide petitioner's appeal," concluded that the requirements for estoppel had not been met. Id. at 1149. The court noted the deference required for INS decisions in matters of immigration as well as the "extremely high bar" set by the Supreme Court for claims of estoppel in the immigration context. Id. at 1150. Although the court was "deeply troubled" by the "malfunction of the administrative process," it determined that the delay alone was insufficient to establish affirmative misconduct and declined to estop the government. Id. See also Vang v. Gonzales, No. 06-3600, 2007 WL 1580107, at *4 (6th Cir. May 31, 2007) (unpublished) (concluding that fourteen-year delay in processing asylum application was insufficient to estop government).

Based on these cases, we hold that the agency's failure to process Mejia-Perez's asylum application for nine years does not constitute affirmative misconduct; therefore, the government cannot be estopped from denying his application. Although this delay was substantial, previous caselaw has established "a particularly high bar" to estop the government in immigration cases. Kowalczyk, 245 F.3d at 1150. Like the applicants in Miranda, Wang, and Kowalczyk, Mejia-Perez asserts that he was prejudiced by the government's delay in processing his application. But as these cases make clear, Mejia-Perez must first show that the delay itself amounted to affirmative

misconduct by the government before we will consider his claim of prejudice. According to these cases, the government's delay, without more, does not amount to affirmative misconduct.

The government's conduct in this case is, in one respect, less egregious than that in Wang, in which we found no affirmative misconduct. Although the delay here is significantly longer, Mejia-Perez has not alleged any acts of "bad faith" or other conduct similar to the conduct the applicant established in Wang. Mejia-Perez's argument is solely premised on the length of the delay. As the Supreme Court stated in Miranda, delay, by itself, is insufficient to establish affirmative misconduct. Mejia-Perez's alleged harm resulting from the delay does not add to his misconduct argument, as the Supreme Court made clear in Miranda that governmental negligence coupled with harm to an applicant is insufficient to invoke estoppel.

We are aware that the agency's delay in processing Mejia-Perez's application was lengthy. But this delay alone, without additional evidence of misconduct, is not sufficient to estop the government according to the precedent of the Supreme Court and this Court. While Mejia-Perez contends that he was prejudiced by the delay, he has not pointed to additional facts that rise to the level of affirmative misconduct. We also note that, like the applicant in Miranda, Mejia-Perez did not raise his estoppel claim until his appeal to the BIA. 459 U.S. at 16. In these circumstances, we believe remand for further development of his estoppel claim is unwarranted.

The petition for review is denied.

_____