**Cesar Abdulio SANTIAGO HERNANDEZ,**
Petitioner,

v.

**Eric H. HOLDER Jr.,\* Attorney General, Respondent.**

No. 08–5612–ag.

United States Court of Appeals, Second Circuit.

June 24, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Robert C. Ross, West Haven, Connecticut, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN, Circuit Judges.

### SUMMARY ORDER

Cesar Abdulio Santiago Hernandez, a native and citizen of Guatemala, seeks review of an October 23, 2008 order of the BIA affirming the February 23, 2007 decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cesar Abdulio Santiago Hernandez,* No. A070 645 590 (B.I.A. Oct. 23, 2008), *aff'g* No. A070 645 590 (Immig. Ct. Hartford, CT Feb. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Santiago Hernandez failed to challenge before the BIA the IJ's denial of his application for CAT relief, we deem his CAT claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

In denying Santiago Hernandez's application for asylum and withholding of removal, the agency concluded that conditions in Guatemala had changed sufficiently such that his fear of persecution was no longer well-founded. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 187–88 (2d Cir.2006) (upholding the agency's finding that conditions in Albania had changed fundamentally such that any presumption of a well-founded fear had been rebutted). The agency based that finding on evidence in the record reflecting that the civil war in Guatemala ended in 1996, and that the guerilla groups active during the war have disbanded. It further found no evidence suggesting that Santiago Hernandez would be targeted by anyone in Guatemala.

Santiago Hernandez does not challenge the agency's finding that conditions in Guatemala have changed. Rather, he argues that the Attorney General should be equitably estopped from denying him relief based on changed country conditions. Specifically, he argues that "[t]he U.S. Government bears much of the blame for the disaster of Guatemalan politics and policies of the last half century." He further contends that "[i]n addition to helping create the conditions for a prolonged guerilla war, the government held tens of thousands, perhaps hundreds of thousands, of asylum applications from the victims of this war, on both sides, or, as in the case of Hernandez, on neither, waiting for the danger to pass, to a time when it could comfortably turn these applications down,

regardless of what it means to those who have built a life here." Like the agency, we are unpersuaded.

The doctrine of equitable estoppel is not available against the government "except in the most serious of circumstances." *See Drozd v. INS,* 155 F.3d 81, 90 (2d Cir. 1998). "Specifically, estoppel will only be applied upon a showing of 'affirmative misconduct' by the government.'" *Rojas–Reyes v. INS,* 235 F.3d 115, 126 (2d Cir. 2000) (quoting *Drozd,* 155 F.3d at 90); *see INS v. Miranda,* 459 U.S. 14, 19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (holding that delays by the government in processing an immigration application did not qualify as affirmative misconduct); *see also Mejia–Perez v. Gonzales,* 490 F.3d 1011, 1012 (8th Cir.2007). Santiago Hernandez presents no support for his claim that the U.S. government's alleged involvement in the political turmoil in Guatemala is a basis for equitable estoppel. Nor does he point to record evidence suggesting that the government purposefully refused to adjudicate his and other asylum applications filed by Guatemalan citizens until country conditions had improved. While the government concededly delayed adjudicating Santiago Hernandez's case for nearly thirteen years, he does not show that such delay was deliberate or that any U.S. official engaged in affirmative misconduct or made a false misrepresentation regarding his case. *See Drozd,* 155 F.3d at 90 (finding that the alien failed to demonstrate affirmative misconduct where there was no evidence that any U.S. official committed wrongdoing). As Santiago Hernandez failed to establish affirmative misconduct, a prerequisite for the application of equitable estoppel, his petition for review fails.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).