Charles H. Cohen, J.
This is an action by plaintiff against defendant based upon a written instrument dated October 17, 1969 whereby defendant personally guaranteed the payment of the balance due and owing, to the extent of $7,500 on a certain instrument of Regal Service Associates, Inc. called a promissory note. That note dated November 7, 1968 in the amount of $15,000 recites a loan in that amount made by plaintiff to Regal which note, at least to the extent of $7,500, remains unpaid.
As defendant points out, it is clear that there must be consideration to support this guarantee, which was made after the creation of the underlying debt. (Hauswald v. Katz, 216 App. Div. 92.) The question to be decided is whether or not there was consideration for this guarantee.
Since the past consideration, which was the making of the loan by plaintiff to Regal, is not expressed in the guarantee, plaintiff cannot rest upon section 5-1105 of the General Obligations Law and rely upon this past consideration as consideration for the guarantee.
However, the guarantee does state that all right, title and interest to the first payment due on said note on December 31, 1969 in the amount of $5,000 is assigned to one Arthur Oppenheim. While this may be of no benefit to defendant, a consideration for a promise is sufficient even though no benefit moves to the promisor. (County Trust Co. v. Mara, 242 App. Div. 206, affd. 266 N. Y. 540.) This is a detriment to plaintiff and on its face would be sufficient consideration for defendant’s guarantee of $7,500 of the loan.
Defendant might argue that there was no actual detriment to plaintiff since plaintiff in fact received $5,000 from Oppenheim at the time of the execution of the guarantee. Yet, the assignment by plaintiff to Oppenheim of his claim against Regal— an act which he was not obligated to perform — is a legal detriment which is sufficient consideration for defendant’s guarantee. As stated in Weiss v. Weiss (266 App. Div. 801) “ Performance by a promisee of an act which he is not obligated to perform, or the surrender by him of a privilege which he has the legal right to assert, is sufficient consideration for a promise, since it is a legal detriment, irrespective of whether it is an actual detriment or loss to him.”
Even if this were not sufficient consideration, Oppenheim, who was a stockholder and officer of Regal, its secretary-treasurer, testified — and the court finds — that the guarantee was part of an over-all transaction which not only provided for Oppenheim’s paying $5,000 to plaintiff and taking over that *460 part of plaintiff’s claim against Regal, but also included Oppenheim’s taking back from Regal a $2,500 note rather than a $5,000 note and thus reducing the debt owing by Regal, with the balance of $2,500 being kept available for the payment of Internal Revenue Service taxes owing by Regal in the amount of $2,400.
The uncontradicted testimony of Oppenheim, who, although mentioned in the guarantee was not a party to it, did not vary or contradict any terms of the guarantee, but demonstrated that Regal as well as defendant received certain benefit from this over-all transaction. Under these circumstances, Oppenheim’s testimony showing the consideration for the whole transaction did not violate the parol evidence rule. (I. & I. Holding Corp. v. Gainsburg, 276 N. Y. 427, 432; Hutchison v. Ross, 262 N. Y. 381, 398; Strobe v. Netherland Co., 245 App. Div. 573; Richardson, Evidence [7th ed.], §§ 426, 427.) Further, since this consideration, consisting of Oppenheim’s taking a $2,500 note from Regal for the $5,000 debt owing by Regal and assigned to him by plaintiff, was not executory but was executed, it appears that it need not have been set forth in the guarantee (see Martocci v. Greater N. Y. Brewery, 301 N. Y. 57, 63; Fain v. Irvington Knitting Mills, 6 Misc 2d 462) even though the guarantee, pursuant to subdivision 2 of section 5-701 of the General Obligations Law was required to be in writing and signed by the party to be charged — although the Statute of Frauds need not be considered as a defense in this case since it was not pleaded as an affirmative defense pursuant to the requirements of subdivision (b) of CPLR 3018, and was not even mentioned or raised in any other way by defendant.
Looking at the over-all transaction of October 17, 1969 — even assuming that there was no detriment to plaintiff — it is clear that Regal, which, along with plaintiff and defendant, signed the guarantee, received benefit by reason of its indebtedness being reduced by $2,500. A benefit received by a third party — in this case, Regal — is sufficient consideration to support the guarantee. (Mencher v. Weiss, 306 N. Y. 1.) In that case defendant was president of a corporation which entered into a collective bargaining agreement with plaintiffs. The court found that defendant had signed this agreement in his individual capacity as well but defendant argued that he was not bound since the agreement lacked consideration as to him. With respect to this argument, the court stated (p. 8): “ The fact that the promises of the employees ran to the corporation is sufficient to support defendant’s promise to be personally liable since it is funda *461 mental that a benefit flowing to a third person or legal entity constitutes a sufficient consideration for the promise of another.”
Further, in words applicable to the very situation presented here, where defendant, as president of Regal, was interested not only in seeing that its debts would be reduced but that Internal Revenue Service taxes would be paid, thus helping to make his position as president a secure and profitable one, the court added (pp. 8-9): “ Moreover, it may be said that the defendant himself received benefits under the contract. As president of the corporation he was interested in seeing to it that the agreement was entered into in order that a harmonious collective bargaining relationship come into being and his position as president be a secure and profitable one ”.
It is also observed that payment of Internal Revenue Service taxes would not only constitute a benefit to Regal but would also be a personal benefit to defendant, who was president of Regal (see Lafayette Nat. Bank of Brooklyn v. Koch, 152 Misc. 380) and to .Oppenheim, its secretary-treasurer, as well. This personal benefit is the avoidance of liability imposed by sections 7501, 7207 and 6672 of the Internal Revenue Code (U. S. Code, tit. 26) upon persons — including at least the principal officers of corporations — who are required to collect or withhold taxes from any person and who failed to pay over such taxes to the United States.
The benefit both to Regal and defendant ultimately came from plaintiff, the promisee of the guarantee, as part of the over-all transaction since plaintiff, who had earlier given up his position as a stockholder and officer of Regal, by thereafter assigning to Oppenheim the debt of $5,000 due him from Regal, enabled Oppenheim, who remained as a stockholder and officer of Regal, to reduce that $5,000 debt of Regal to $2,500. Yet, even regarding this benefit as coming from Oppenheim and not from plaintiff, it is still sufficient consideration to support the guarantee since the consideration need not come from the promisee. (Markson v. Marks on’s Furniture Stores, 267 N. Y. 137; Coleman v. Dorsen, 234 App. Div. 255.)
The court finds that there was sufficient consideration to support defendant’s guarantee. Accordingly the court directs that judgment be entered in favor of plaintiff against defendant for the sum of $7,500 with interest thereon from December 31, 1971 (the date such sum became due and payable) together with the costs and disbursements of this action.