OPINION OF THE COURT
Memorandum.
The plaintiff ordered a shipment of 1,500 crates of plantains from the consignor, Veneagro. The shipment was to go from Venezuela to New York on the defendant’s airline, Venezolana Internacional De Aviación, S. A. (VIASA). Due to mechanical difficulties the flight was delayed for several days, during which time the plantains were taken off the plane. The plaintiff notified Veneagro that it did not want the shipment because of the delay and advised by telex to ship the cargo to West Indies Food and Importing, Inc.
Although the shipper made a specific request that the consignee be changed to West Indies, VIASA never changed the consignee, never acknowledged a request to change the consignee, and did no more than instruct its people to notify West Indies rather than American Banana when the shipment arrived at Kennedy Airport. American Banana now sues for damages to the shipment. Special Term granted summary judgment in favor of the defendant VIASA and the Appellate Division reversed certifying a question to this court as to the correctness of its action.
This case concerns an international air shipment between two signatories to the Warsaw Convention, and is governed by its provisions.
Article 14 of the Convention which is set out at section 1502 of title 49 of the United States Code provides that: "The consignor and the consignee can respectively enforce all the rights given them by articles 12 and 13, each in his own name, whether he is acting in his own interest or the interest of another, provided that he carries out the obligations im- . posed by the contract.”
"Consignee” is not further defined by the Convention. The only question on this appeal is whether the plaintiff is a "consignee” entitled to sue.
The earlier New York cases raising this question, all by courts of first instance, dealt with circumstances in which the would-be plaintiff was not named in the air waybill and where the consignee named in the waybill was the party who actu *850 ally received the goods. That is not the situation in the instant case, and we do not find those cases dispositive.
The defendant urges that because the consignor availed itself of the right afforded by the Convention to direct delivery of a shipment to one "other than the consignee named in the air waybill” (art 12, § [1]) and because the plaintiff had canceled its contract, it had ceased to be the "consignee”. In effect, the defendant argues that the "consignee” entitled to sue, is whoever actually received the goods.
Although section (1) of article 12 empowers the consignor, with limitations not pertinent here, to redirect a shipment in transit to a party "other than the consignee named in the air waybill”, it does not empower the consignor to change the consignee named in the waybill as such. This limitation, supports an inference that the drafters of the Convention did not intend that the person authorized to exercise the rights of the "consignee” should change simply because the cargo is redirected. Article 14 is not to the contrary.
In this case, where the plaintiff was named in the air waybill and that waybill was never changed, the plaintiff must be considered a "consignee” entitled to maintain the suit under the terms of the Convention, even though it does so in the interest of West Indies.
The order of the Appellate Division, therefore, should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed, etc.