■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v SCIO VOLUNTEER FIRE DEPARTMENT, Appellant. [595 NYS2d 145] —Order unanimously affirmed with costs. Memorandum: Plaintiff GMAC seeks to recover $13,883 from defendant Scio, contending that defendant is liable for paying that sum to a now defunct car dealership, Maier-Schule GMC, in disregard of the dealership's assignment to plaintiff of the right to receive payment. Defendant appeals from an order granting plaintiff's cross motion for summary judgment in the action.

We conclude that defendant was properly held liable for making payment to the dealer rather than to plaintiff. The dealer assigned to plaintiff its right to receive any sum due from defendant for purchase of a GMC vehicle. The assignment unequivocally required the dealer to direct the purchaser "to make its checks in payment of the foregoing accounts payable to GMAC and to transmit them to GMAC". Defendant was on notice of the assignment, expressly acknowledged receiving a copy, and expressly agreed to direct payment in accordance with its provisions.

We reject defendant's argument that "other language in the assignment" renders the quoted payment directive ambiguous". The paragraph in question "simply delineates the rights and responsibilities existing between plaintiff and Maier-Schule" *(General Motors Acceptance Corp. v Albany Water Bd.,* 187 AD2d 894, 896). In any event, defendant's obligation is estab-

lished by UCC 9-318 (3), which requires an account debtor to make payment consistent with any assignment of which it has notice, even absent an agreement to do so. There is no merit to defendant's contention that GMAC made the dealer its agent for payment. The dealer expressly appointed GMAC "as its attorney to * * * receive * * * payment of the accounts hereby assigned". There is also no merit to defendant's argument that the assignment is unenforceable for lack of consideration. The assignment is supported by GMAC's extension of credit to the dealer. At any rate, in cases of assignment, a signed writing is an adequate substitute for consideration (General Obligations Law § 5-1107). Further, "[t]he defense that an assignment is not supported by consideration is not available to the debtor or obligor * * * [T]he consideration paid is immaterial so far as the debtor or obligor is concerned" (6 NY Jur 2d, Assignments, § 35, at 274). (Appeal from Order of Supreme Court, Allegany County, Cosgrove, J. —Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.