■ ALICE WHALEN, Respondent, v JULIUS GERZOF, Appellant, et al., Defendants. [615 NYS2d 465] —Weiss, J. Appeals (1) from an order and judgment of the Supreme Court (Conway, J.), entered May 19, 1992 in Albany County, which, inter alia, directed a verdict of liability against defendant Julius Gerzof, (2) from an order of said court, entered November 1, 1993 in Albany County, which granted plaintiff's motion to confirm a Referee's report, and (3) from a judgment of said court in favor of plaintiff, entered November 4, 1993 in Albany County, upon a decision of the court.

The underlying facts in this case may be found in our opinion in the previous appeal involving these same parties (154 AD2d 843, *mod* 76 NY2d 914). Briefly, the action involves a dispute over ownership of an interest in a limited partnership named Pearcove Associates (hereinafter Pearcove) whose sole asset is an apartment complex in Nassau County. Plaintiff claims ownership of one half of a 50% interest owned by defendant Julius Gerzof (hereinafter Gerzof) in Pearcove evidenced by a November 21, 1975 letter from Gerzof to plaintiff stating in relevant part, "[t]his will acknowledge that you have a fifty (50%) percent interest in the fifty (50%) percent interest which I hold in the Pearcove Apartments". Plaintiff responded in a November 26, 1975 letter to Gerzof acknowledging her ownership interest and stating that Gerzof was to receive $30,000 plus interest and an additional $20,000 for his expenses and disbursements, both sums as priority payments from her share of income or principal out of the apartments. This action was commenced in July 1983 seeking, *inter alia,* to enforce plaintiff's right to 50% of Gerzof's partnership interest.

The Court of Appeals held that the action was timely (76 NY2d 914, *modfg* 154 AD2d 843) and after trial Supreme Court directed a verdict in plaintiff's favor on the issue of liability, finding that the letters constituted a valid present assignment of 50% of Gerzof's partnership interest to plaintiff which did not require consideration (*see,* General Obligations Law § 5-1107). An order and judgment was entered referring the issue of damages to a Referee. Supreme Court confirmed the Referee's report, made after a hearing, which awarded damages to plaintiff in the sum of $1,234,706 together with interest at 9% from July 1, 1993, adopting the Referee's findings of fact and conclusions of law, and directed entry of judgment therefor. Gerzof has appealed from the order and judgment granting the directed verdict on liability, the order confirming the Referee's report and the final judgment entered in favor of plaintiff.

Gerzof posits three contentions: (1) Supreme Court erred in finding that Gerzof's November 21, 1975 letter constituted an immediate enforceable assignment without need for consideration; (2) Supreme Court erred in precluding evidence of the defense that plaintiff's recovery was barred by the "unclean hands" of her late father; and (3) Supreme Court erred in the valuation of plaintiff's partnership interest. For the reasons which follow, we reject each contention and affirm the orders and judgments.

Initially, we note that neither this Court nor the Court of Appeals passed upon the issue of the validity of the assignment evidenced by either one or both of the letters. Rather, this Court held that the complaint was time barred and the Court of Appeals modified our decision by finding that the Statute of Limitations had not run. Gerzof's current argument that Supreme Court erred in failing to follow the law of the case is therefore meritless.

We similarly find unpersuasive Gerzof's assertion that the November 21, 1975 letter did not constitute a valid legal assignment because it did not transfer a present interest but instead was either a promise to assign future rights or was an unfulfilled promise to make a future assignment. Gerzof's language is plain and unambiguous, i.e., "[t]his will acknowledge that you have a fifty (50%) percent interest in the fifty (50%) percent interest which I hold". No special language or form is required for an assignment, so long as the intention to effect a present transfer is apparent (see, 6 NY Jur 2d, Assignments, § 28). We do not find that this language, which is clear on its face, demonstrates a mere promise to assign in futuro. Nor does the validity of the assignment depend upon the exercise of control over the partnership by plaintiff since, as we have already held, she was not entitled to participate in the partnership; rather, she was given the right to receive a share of the profits, as limited by the assignment, to which Gerzof would otherwise have been entitled (154 AD2d 843, 847, supra; see, Partnership Law § 53 [1]).

We further hold that the enforceability of this assignment does not require the showing of a consideration, for it was a writing signed by Gerzof (see, General Obligations Law § 5-1107; see also, General Motors Acceptance Corp. v Scio Volunteer Fire Dept., 191 AD2d 981, 982). Gerzof's argument that the letter constituted but an equitable assignment of a contingent interest or an expectancy is equally unpersuasive. That Gerzof held an interest in the partnership on November 21, 1975 when he wrote and sent his letter to plaintiff is demonstrated by his own words used in the letter, "fifty (50%) percent interest which I hold", and by the Pearcove partnership agreement made in June 1975, which preceded Gerzof's November 21, 1975 letter.

Gerzof next argues that it was error to preclude evidence supporting his defense that plaintiff had unclean hands because of the transfer by her late father to him of his second mortgage interest, which Gerzof alleges was made to defraud creditors. Since Gerzof was the attorney for plaintiff's father,

the recipient of the alleged fraudulent transfer, and thereby at least an equal participant, Gerzof cannot here seek to benefit from any effect of that transaction, whatever its nature might have been *(see, Matter of C & M Plastics [Collins— Coons],* 194 AD2d 1020, 1023; *Dillon v Dean,* 158 AD2d 579, 580; *Murray Walter, Inc. v Sarkisian Bros.,* 107 AD2d 173, 177-178). In any event, Gerzof was not harmed in any way by the scheme and therefore the unclean hands doctrine, which benefits only a party suffering injury by the person against whom the doctrine is to be invoked, is not available to him *(see, Higgins v Normile,* 130 AD2d 828, 829). Supreme Court correctly rejected his tender of proof on the doctrine.

Finally, we find unavailing Gerzof's challenge to the award of damages. Gerzof failed to present any evidence in opposition to plaintiff's claim of entitlement to the benefit of tax losses and therefore cannot now be heard to complain about that portion of the damage award. Nor do we find merit in his contention that plaintiff's share in the partnership was reduced by her failure to contribute additional capital, as Gerzof did, when so required. Plaintiff was not a partner in Pearcove. She was and is an assignee of one half of any distribution of income or profits received from the partnership by Gerzof after his recoupment of $50,000 plus interest from her share. The question of whether Gerzof's partnership interest had been reduced was irrelevant.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders and judgments are affirmed, with costs.