UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 19, 2006[*]
Decided July 31, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3116

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin |
| *v.* | |
| | No. 03-CR-217 |
| JOHNNY L. STOKES, | |
| *Defendant-Appellant.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

Johnny Stokes appeals from an order denying his motion to set aside the administrative forfeiture of $15,000 to the Drug Enforcement Administration.  We affirm but for different reasons than the district court's.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

        In September 2003 Stokes was arrested, and law enforcement agents seized the property that he now seeks to recover:  $7,000 in currency and the proceeds of an $8,000 cashier's check payable to Eddie Thompson.  In early October 2003, the government obtained a criminal indictment charging Stokes with possessing cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1).  The indictment included a count for the criminal forfeiture of the $7,000 cash and $8,000 cashier's check mentioned above, along with a 1997 Buick, a different $8,000 cashier's check (this one payable to someone named Jamar Walker), and real property located at 3542 North 23rd Street and 3218/3220 North 12th Street in Milwaukee, Wisconsin.

        Pursuant to a written agreement executed on January 13, 2004, Stokes pleaded guilty to the drug charge.  As a condition of his plea agreement, he relinquished any interest in the property listed in the indictment.  "The defendant agrees," reads the relevant term, "that any interest he holds in each of the listed properties is hereby forfeited."  Additionally, the agreement stipulates that "all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense."  Based on this language in the plea agreement, the government later secured a preliminary order of criminal forfeiture for the Buick, the cashier's check to Walker, and the 12th Street property, but abandoned its claim to the 23rd Street property because Stokes had no equity in it.  The government voluntarily dismissed its forfeiture claim as against the $7,000 in currency and the $8,000 check to Thompson because the DEA had administratively forfeited the funds in February 2004, the month after Stokes executed his plea agreement.  As the government explains in its brief on appeal, the prosecution did not learn about the administrative proceedings until they were over.  Nothing in the record establishes what notice, if any, the DEA sent to Stokes.

        The district court sentenced Stokes to 142 months' imprisonment and five years' supervised release.  The judgment includes an order forfeiting Stokes's interests in the Buick, the cashier's check to Walker, and the 12th Street property.  Stokes took a direct appeal but raised no issue concerning the criminal forfeiture of these assets.  We affirmed the judgment after a limited remand under *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1343 (2006). *United States v. Stokes*, 161 F. App'x 602 (7th Cir. 2006) (unpublished).

        While his direct criminal appeal was still pending, Stokes filed a motion in the district court seeking return of the cash, the check payable to Thompson, and the 12th Street property. He argued that the funds were not derived from drug dealing and that he did not receive notice of the administrative forfeiture.  The district court treated the motion as a separate civil action for the return of property and ruled on it before we resolved the criminal appeal.  In ruling on Stokes's motion, the court acknowledged 18 U.S.C. § 983(e), enacted as part of the Civil

Asset Forfeiture Reform Act of 2000 ("CAFRA"), *see* Pub. L. 106-185, 114 Stat. 202 (2000), but did not apply § 983(e) or determine whether the DEA had sent Stokes the notice of the administrative proceedings required by statute. Instead, the court limited its inquiry to whether Stokes received constitutionally adequate notice, the question under pre-CAFRA law. *See, e.g.*, *Chairez v. United States*, 355 F.3d 1099, 1101 (7th Cir. 2004), *cert. denied*, 543 U.S. 823 (2004). And the court concluded that the plea agreement itself gave Stokes constitutionally adequate notice of the government's intent to seek forfeiture, or that he waived his entitlement to statutory notice by signing the agreement.

Although the district court did not explain its resolution of Stokes's claim for return of the real property on 12th Street, it presumably realized that it had no jurisdiction in the civil action to entertain the motion as to that property. Stokes should have raised any pertinent challenge in his criminal appeal. *See United States v. Apampa*, 179 F.3d 555, 557 (7th Cir. 1999) (per curiam); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam).

As for the $15,000 that was administratively forfeited, Stokes now contends that the court should have evaluated his motion under 18 U.S.C. § 983(e)(1), which requires the district court to set aside an administrative forfeiture when someone entitled to the notice under the statute, *see* 18 U.S.C. § 983(a); 19 U.S.C. §§ 1607-1609, does not receive it. Stokes is right that the court should have applied § 983(e)(1) instead of asking whether he received constitutionally adequate notice. The administrative forfeiture proceedings were begun after the statute's effective date, August 23, 2000, *see United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004), *cert. denied*, 543 U.S. 1094 (2005), and § 983(e) is now the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute," 18 U.S.C. § 983(e)(5); *see Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005). Therefore the district court should not have disregarded that section.

But Stokes lacked Article III standing to contest the forfeiture. That is because he abandoned any interests in the property with the language in the plea agreeing "that any interest he holds in each of the listed properties is hereby forfeited." That abandonment stripped him of standing to contest the forfeiture (even though the government had not yet secured its own title to that property). *See United States v. Le*, 173 F.3d 1258, 1278-79 (10th Cir. 1999); *United States v. Grover*, 119 F.3d 850, 852 (10th Cir. 1997); *see also* David B. Smith, *Prosecution and Defense of Forfeiture Cases* § 9.04[2][a] (2006) (explaining that Article III standing to contest forfeiture requires some kind of interest in property); *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 734 (8th Cir. 2001) (same); *United States v. $94,000.00 in U.S. Currency, Along With Any Interest Earned Thereon in First*

*Financial Sav. Ass'n Account No. 79-70063411*, 2 F.3d 778, 790 n.11 (7th Cir. 1993) (same).

Accordingly, we **MODIFY** the judgment of the district court to reflect a dismissal for lack of subject-matter jurisdiction, and **AFFIRM** as modified.