# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4150

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Gerald Dacre, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: December 5, 2007
Filed: December 7, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Federal inmate Gerald Dacre appeals the district court's[1] denial of his 18 U.S.C.
§ 983 motion to set aside an administrative forfeiture of a total of $4,880 in currency
(two amounts of $3,900 and $980) seized from him by the Drug Enforcement
Administration (DEA) incident to his 2005 arrest. Dacre admits to receiving notice
of the administrative forfeiture instructing him to contest the forfeiture through the
DEA and that he instead contacted the United States Attorney's Office (USAO), but

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern
District of Iowa.

he contends that the administrative forfeiture should be set aside based on equitable or promissory estoppel because statements made by the USAO encouraged him to believe he was correctly proceeding to contest the administrative forfeiture.

As relevant, 18 U.S.C. § 983(e) provides that any person entitled to written notice in an administrative forfeiture who does not receive such notice may file a motion to set aside the forfeiture, and the motion will be granted if the agency failed to "take reasonable steps" to provide notice. Section 983 further provides it is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." See 18 U.S.C. § 983(e)(1), (5). We find that the district court correctly denied Dacre's motion to set aside the administrative forfeiture: because Dacre received timely notice of the forfeiture from the DEA, he was not entitled to relief under section 983(e). See Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) (where petitioner received notice of administrative forfeiture, he is not entitled to relief under § 983--which is exclusive remedy); United States v. United Sec. Sav. Bank, 394 F.3d 564, 567 (8th Cir. 2004) (per curiam) (district court's denial of motion for return of property in Fed. R. Crim. P. 41 context is reviewed for clear error with regard to its factual findings and de novo for its legal findings).

We further find that the facts as recited by Dacre and his counsel do not show misleading conduct by the USAO sufficient to violate due process or to provide an independent basis for relief under equitable estoppel, assuming such relief would be available. See generally Lobzun v. United States, 422 F.3d 503, 507 (7th Cir. 2005) (in Fed. R. Crim. P. 41(g) proceeding, courts have jurisdiction to review de novo whether DEA's notice procedures complied with due process); Varela v. Ashcroft, 368 F.3d 864, 866 (8th Cir. 2004) (elements of equitable estoppel).

Accordingly, we affirm.

_____