**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2276
_____

UNITED STATES OF AMERICA

v.

ANDRE M. HUGGINS,
                              Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. Action No. 03-cr-00091-001)
District Judge: Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2010
Before: SLOVITER, CHAGARES and WEIS, Circuit Judges
Opinion filed: June 29, 2010

_____

OPINION
_____

PER CURIAM.

        Andre Huggins appeals the District Court's order granting appellee's

motion for summary judgment.  For the reasons below, we will affirm.

1

The procedural history of this case and the details of Huggins's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, several items of personal property were seized from Huggins when he was arrested on charges of money laundering and drug trafficking.[1] The Drug Enforcement Agency (DEA) sent notices of forfeiture via certified mail to Huggins at the Salem County Correctional Facility (SCCF) where he was held pending trial. Because no one filed a claim regarding the property, the items were administratively forfeited. Huggins subsequently filed a motion to set aside the forfeiture arguing that he did not receive the notices. The government filed a motion for summary judgment which the District Court granted. Huggins filed a notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Under 18 U.S.C. § 983(e)(1), a person entitled to notice in a nonjudicial forfeiture proceeding may have the forfeiture set aside if the government failed to take reasonable steps to provide notice and the person did not know or have reason to know of the seizure within sufficient time to file a timely claim. In Dusenbery v. United States, 534 U.S. 161 (2002), the government sent notice of the administrative forfeiture to the incarcerated defendant via certified mail. The Supreme Court described the procedures

---

[1] Huggins was subsequently convicted by a jury of several of the charges.

2

used by the correctional facility for the delivery of certified mail to inmates:

> prison mailroom staff traveled to the city post office every day to obtain all the mail for the institution, including inmate mail. The staff signed for all certified mail before leaving the post office. Once the mail was transported back to the facility, certified mail was entered in a logbook maintained in the mailroom. A member of the inmate's Unit Team then signed for the certified mail to acknowledge its receipt before removing it from the mailroom, and either a Unit Team member or another staff member distributed the mail to the inmate during the institution's "mail call."

Id. at 169. There was no paperwork confirming the delivery to the defendant in Dusenbery because the mail logbooks were only kept for one year. Id. at 165-66. The Supreme Court rejected the defendant's argument that actual notice was required and found that the procedures used were "reasonably calculated, under all of the circumstances, to apprise [petitioner] of the pendency of the action." Id. at 173 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Huggins argues that the District Court erred in holding that actual notice of forfeiture is not required to satisfy due process. However, as noted above, the Supreme Court has held that actual notice is not required. Huggins also contends that the District Court erred in determining that the government met its burden of demonstrating that the procedures at the Salem County Correctional Facility (SCCF) were reasonably calculated to give him notice. He asserts that the government provided no evidence of the mail

3

procedure in place at SCCF.[2]  However, there is evidence in the record provided by

Huggins himself describing the mail procedures at SCCF.

> They have a process here where an officer will go to the post
> office, sign for the legal mail, then it is brought back to
> S.C.C.F., given to maintenance, checked (opened outside the
> presence of the inmate), then sent up front to be logged in by
> a Sgt or Lt. in the computer, then sent to the Unit with a
> receipt the housing officer has the inmate sign, for proof of
> service upon him.

Letter from Andre Huggins to District Court at 2 (Jun. 14, 2005)(Exhibit to Declaration at

docket entry #327).  These procedures are substantially similar to those that were found to

be constitutionally sufficient in Dusenbery.  Because we conclude that the procedures

used were reasonably calculated to apprise Huggins of the forfeiture proceeding, we need

not reach the issue of whether Huggins actually received the notices.

For the above reasons, we will affirm the District Court's judgment.

---

[2]  In the District Court, the government submitted two affidavits from SCCF officials describing the delivery of the notices.  Lt. Lape asserted that in 2003 he was a Sergeant. Although he could not remember the exact date, he recalled that then Deputy Warden Ray Skradinski asked him to deliver paperwork concerning the forfeiture to Huggins and that he did as asked.  Supp. App. at 385.  Warden Skradinski stated that in 2003 he was the Deputy Warden.  He asserted that in 2003, Jeff Mills was an employee whose duties included retrieving certified mail addressed to prisoners from the local post office. Although he could not remember the exact date, Skradinski recalled asking then Sergeant Lape to deliver the notices to Huggins and Lape reported that he did so.  Supp. App. at 387.