Lucas v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

———————

August Term, 2014

(Submitted: January 6, 2015    Decided: January 7, 2015)

Docket No. 14-2291

———————

NICHOLAS M. LUCAS, as assignee of Justin Lucas,

*Petitioner-Appellant*,

— v. —

UNITED STATES OF AMERICA, DRUG ENFORCEMENT ADMINISTRATION, an agency of the United States of America,

*Respondents-Appellees.*[*]

———————

————

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

B e f o r e:

LYNCH and CHIN, *Circuit Judges*, and KOELTL, *District Judge*.[**]

_____

Petitioner-appellant moved to set aside a declaration of forfeiture under 18 U.S.C. § 983(e)(1), as assignee of his brother's interest in the forfeited property. The district court (Gary L. Sharpe, *Chief Judge*) denied the motion and dismissed the petition, holding that the assignment was invalid because, at the time of the assignment, the forfeiture had been completed and all interest in the property had vested in the United States. Because the Civil Asset Forfeiture Reform Act permits any person with an interest in forfeited property to file a motion to set aside a declaration of forfeiture after the forfeiture has occurred on grounds of lack of notice, and because the assignment of his brother's interest to petitioner-appellant was valid under New York law, we VACATE the district court's decision and REMAND for further proceedings.

_____

[**]The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

2

Wayne P. Smith, Schenectady, New York, *for Petitioner-Appellant*.

Gwendolyn E. Carroll, Assistant United States Attorney, *on behalf of* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York, *for Respondents-Appellees*.

---

PER CURIAM:

Petitioner-appellant Nicholas Lucas was arrested for marijuana possession in 2011. His brother, Justin Lucas, paid $50,000 in cash to bail him out of the Otsego County Jail. However, the Drug Enforcement Administration seized the bail money as part of a criminal investigation and Nicholas remained in jail. After Nicholas's case was resolved by a guilty plea, Justin assigned his interest in the bail money to Nicholas, who attempted to retrieve it. By that time, the money had been forfeited through an administrative forfeiture proceeding. Claiming that neither he nor Justin had received notice of the forfeiture proceeding, Nicholas moved to set aside the declaration of forfeiture under 18 U.S.C. § 983(e)(1), the exclusive remedy for seeking to overturn a declaration of forfeiture under a civil forfeiture statute. The district court (Gary L. Sharpe, *Chief Judge*) denied the motion and dismissed the petition, holding that Justin had

3

failed validly to assign his interest to Nicholas because, at the time of the assignment, the forfeiture was already complete and therefore all right, title, and interest in the bail money had vested in the United States. Because the Civil Asset Forfeiture Reform Act ("CAFRA") confers a cause of action to challenge a forfeiture that has already been completed, and because Justin's assignment of that cause of action to Nicholas was valid under New York law, we vacate the district court's decision and remand for further proceedings.

## BACKGROUND[1]

On January 13, 2011, Justin Lucas posted $50,000 bail with the Otsego County Sheriff on behalf of his brother Nicholas, who had been arrested on a charge of marijuana possession. Justin received a bail receipt, but was later told that the money had been seized by the DEA as part of a criminal investigation. Nicholas remained in jail. The DEA instituted administrative forfeiture proceedings with respect to the seized bail money, and sent several notices of the impending forfeiture to both Justin and Nicholas at addresses in Cobleskill, New

---

[1] The facts set forth herein are taken from petitioner's motion, and are assumed to be true for present purposes.

4

York, Worchester, New York, and Portland, Oregon.[2] The DEA did not send a notice, however, to the Vineyard Haven, Massachusetts, address that Justin had provided on his bail receipt, nor to Nicholas at his then-current residence, the Otsego County Jail. Consequently, the forfeiture proceedings went forward without the knowledge or participation of the Lucas brothers, and were completed on June 21, 2011, when the DEA issued a declaration of forfeiture.

Meanwhile, Nicholas's criminal case was resolved by a plea agreement and he was released from jail. On July 25, 2011, Justin assigned his interest in the bail money to Nicholas, and Nicholas retained counsel to try to retrieve the money. He was then informed that the money had been forfeited. Nicholas thereafter moved in the district court to set aside the declaration of forfeiture under 18 U.S.C. § 983(e)(1). The Government opposed the motion, arguing that Nicholas had no interest in the money and therefore no standing to contest the forfeiture, and moved to dismiss for lack of subject matter jurisdiction and failure to state a claim.

The district court issued a Memorandum Decision and Order on May 22, 2014 dismissing Nicholas's petition. Lucas v. United States, No. 3:13-cv-855

---

[2] The agency also posted a notice in the Wall Street Journal.

(GLS/DEP), 2014 WL 2176612 (N.D.N.Y. May 22, 2014).  The district court agreed with the Government that Nicholas had no interest in the bail money and therefore lacked Article III standing to challenge the forfeiture.  Id. at *2. Specifically, the district court determined that because the assignment did not occur until after the declaration of forfeiture, "the purported assignment did not actually convey any possessory or ownership interest in the money to Nicholas; the forfeiture had already been completed, and therefore Justin had no interest to assign to Nicholas, as all right, title, and interest in the money had vested in the United States."  Id.  The district court also acknowledged an argument advanced by the Government that even if Nicholas did acquire an interest in the bail money by way of the purported assignment, he would not be able to demonstrate that he was a bona fide purchaser for value in order to assert an "innocent owner defense" to the forfeiture under 18 U.S.C. § 983(d)(3)(A).  Id. at *2 n.3.  The district court stated in dictum, "Although analysis of this argument is unnecessary given the court's conclusion . . . that Nicholas lacks standing, the court notes that there are no allegations in the petition that Nicholas gave anything of value for the alleged rights he acquired via the assignment."  Id.

6

Accordingly, the district court granted the Government's motion to dismiss

Nicholas's petition.  Id. at *3.

## DISCUSSION

We review de novo a district court's grant of a motion to dismiss for lack of

subject matter jurisdiction and for failure to state a claim.  See Loginovskaya v.

Batratchenko, 764 F.3d 266, 269 (2d Cir. 2014); Shabaj v. Holder, 718 F.3d 48, 50

(2d Cir. 2013).

A completed civil forfeiture is subject to reopening under very narrow

circumstances.  CAFRA provides:

> (1) Any person entitled to written notice in any nonjudicial civil
> forfeiture proceeding under a civil forfeiture statute who does not
> receive such notice may file a motion to set aside a declaration of
> forfeiture with respect to that person's interest in the property,
> which motion shall be granted if–
>
> > (A) the Government knew, or reasonably should have
> > known, of the moving party's interest and failed to take
> > reasonable steps to provide such party with notice; and
> >
> > (B) the moving party did not know or have reason to
> > know of the seizure within sufficient time to file a
> > timely claim.

18 U.S.C. § 983(e)(1).[3]  A motion under § 983(e)(1) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Id. § 983(e)(5).  The statute also provides a time limit on filing a § 983(e)(1) motion: such motion "may be filed not later than 5 years after the date of final publication of notice of seizure of the property." Id. § 983(e)(3).

The statute therefore confers a cause of action to overturn a declaration of forfeiture.  While the completion of the forfeiture proceedings divests a person of his interest in the subject property, that person retains a right to seek to set aside the forfeiture with respect to his interest in the property.  That right is limited to claims of lack of adequate notice and may only be asserted within five years after the final notice of seizure, but the statute clearly confers the right for that period even after the forfeiture is complete.  We are aware of no circuit court authority that holds, contrary to the statute, that Article III standing to petition to set aside a declaration of forfeiture under § 983(e)(1) is lost after the interest in the subject

---

[3] The statute applies to all forfeitures commenced on or after 120 days from April 25, 2000, Alli-Balogun v. United States, 281 F.3d 362, 369 & n.6 (2d Cir. 2002), and therefore is applicable here.

property vests in the United States.[4]  Accordingly, we hold that § 983(e)(1) creates an interest in the form of a right to challenge a forfeiture for lack of notice that survives the issuance of the declaration of forfeiture.

The statutory scheme therefore does not support the primary rationale for the district court's decision.  Justin retained a right to seek to overturn the forfeiture based on lack of notice after the forfeiture was complete, and *that right*, his only remaining interest in the property, was conveyed to Nicholas through the assignment.  Cf. Sprint Comms. Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 284-85 (2008) (holding that an assignee of a legal claim for money owed has standing to bring suit, even where the assignee has no independent interest in the money and has promised to remit the proceeds of the litigation to the assignor).

---

[4] Our sister circuits have instead routinely reviewed district court determinations whether a § 983(e)(1) petitioner had adequate notice of a forfeiture that was completed before the petition to set aside was filed.  See Miller v. DEA, 566 F. App'x 395, 397-98 (6th Cir. 2014) (unpublished); Conrad v. United States, 470 F. App'x 336, 339-40 (5th Cir. 2012) (unpublished); United States v. Huggins, 385 F. App'x 225, 226-27 (3d Cir. 2010) (unpublished); In re Seizure of $143,265.78 from Checking Account No. 1851349546 and $28,687.40 from Checking Account No. 1080022185, 384 F. App'x 471, 473-74 (6th Cir. 2010) (unpublished); United States v. Dacre, 256 F. App'x 866, 867 (8th Cir. 2007) (unpublished).

Our reading of the statute also undercuts the district court's dictum. Since all that was left of Justin's interest in the property after the declaration of forfeiture was his right to move to set aside the forfeiture under § 983(e)(1), that is all that he was able to assign to Nicholas. Consequently, if Nicholas were to succeed in reopening the forfeiture proceedings, he could assert only claims to the property that *Justin* would have been able to assert. See In re Stralem, 758 N.Y.S.2d 345, 347 (2d Dep't 2003) ("When a valid assignment is made, the assignee steps into the assignor's shoes and acquires whatever rights the latter had.").[5] He would not be able to claim an interest of his own in the property, as a bona fide purchaser, free and clear of the Government's claim. Nicholas is not,

_____

[5] The district court cited United States v. Stokes, 191 F. App'x 441 (7th Cir. 2006), a Seventh Circuit decision that is instructive here. In Stokes, the defendant entered a plea agreement in which he relinquished any interest in the property listed in the indictment. Id. at 443. After $15,000 in cash formerly belonging to the defendant was administratively forfeited, the defendant moved to challenge the forfeiture. Id. The Seventh Circuit held that the district court should have treated his motion as a petition to set aside under § 983(e)(1), but that the defendant lacked Article III standing to contest the forfeiture "because he abandoned any interests in the property with the language in the plea," id. at 444, *not* because the administrative forfeiture was complete. Here, Justin never abandoned his interest in the bail money; any interest that he had prior to the forfeiture could therefore be asserted by Nicholas if Nicholas's § 983(e)(1) motion to set aside the declaration of forfeiture prevails and the forfeiture proceedings are reopened.

however, claiming any such interest in the bail money independent of Justin's interest. Therefore, the fact that he gave Justin nothing of value in exchange for the assignment is irrelevant to his right to file a motion to set aside the forfeiture under the statute.

The Government argues on appeal that Justin's assignment to Nicholas was invalid in any event under New York law, because it was made without consideration. We look to state law to determine whether a property interest exists. Winston v. City of New York, 759 F.2d 242, 247 (2d Cir. 1985). Under the New York General Obligations Law, "An assignment shall not be denied the effect of irrevocably transferring the assignor's rights because of the absence of consideration, if such assignment is in writing and signed by the assignor, or by his agent." N.Y. Gen. Oblig. Law § 5-1107; accord, Gen. Motors Acceptance Corp. v. Scio Volunteer Fire Dep't, 595 N.Y.S.2d 145, 146 (4th Dep't 1993) ("[I]n cases of assignment, a signed writing is an adequate substitute for consideration."). Further, New York law permits transfers – including assignments – of causes of action, except for a cause of action for personal injury or one in contravention of statute or public policy. See N.Y. Gen. Oblig. Law § 13-101; see also Am. Banana Co. v. Venezolana Internacional de Aviacion S.A. (VIASA), 411 N.Y.S.2d 889, 890

11

(1st Dep't 1979) (assignment of a chose in action need not be supported by consideration), aff'd, 49 N.Y.2d 848 (1980). Subsection 983(e) is silent on whether the statutory cause of action to set aside a declaration of forfeiture, or the interest in the forfeited property itself, can be assigned. However, the subsection providing the "innocent owner defense" defines "owner" for the purposes of that subsection as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, *or valid assignment* of an ownership interest." 18 U.S.C. § 983(d)(6)(A) (emphasis added).[6] We therefore perceive nothing in CAFRA that prohibits the transfer of an interest by assignment. Because Justin's assignment to Nicholas was made in writing and signed, it was valid under New York law.

The Government cites district and bankruptcy court cases holding that a conveyance is fraudulent under New York law if made without fair consideration. These cases[7] relied on New York Debtor and Creditor Law §§ 273,

---

[6] As the district court correctly noted, however, to be an "*innocent* owner" under the statute, one must be a "bona fide purchaser or seller for value." 18 U.S.C. § 983(d)(3)(A)(i) (emphasis added).

[7] See United States v. Dupree, 919 F. Supp. 2d 254, 266 (E.D.N.Y. 2013); Geltzer v. Artists Mktg. Corp. (In re The Cassandra Grp.), 338 B.R. 583, 594 (S.D.N.Y. 2006); Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.), 302 B.R. 760, 778 (E.D.N.Y. 2003).

274 and 275, which forbid conveyances made by a debtor without consideration that would render the debtor insolvent, unable to maintain sufficient capital for transactions in which the debtor is engaged, or unable to pay debts that the debtor intends to or believes that he will incur.  There is no contention in this case that Justin falls into any of these categories or that the United States is a creditor that New York law seeks to protect by preventing Justin from conveying his interest without consideration.  See Weil v. Long Island Sav. Bank, FSB, 77 F. Supp. 2d 313, 325 (E.D.N.Y. 1999) (purpose of N.Y. Debtor & Creditor Law "is to protect creditors").[8]  Accordingly, under New York law, Justin's gratuitous assignment of his statutory cause of action to Nicholas was valid, and Nicholas therefore has standing to pursue a motion to set aside under § 983(e)(1).  We of course express no view on the merits of any such motion.

## CONCLUSION

For the foregoing reasons, the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

---

[8] The additional cases cited by the Government, Davis & Warshow, Inc. v. S. Iser, Inc., 220 N.Y.S.2d 818 (Sup. Ct. 1961), and Mazzella v. Lupinachi, 333 N.Y.S.2d 775 (Civ. Ct. 1972), are plainly inapposite.