*Rullan v. New York City Sanitation Dep't*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand fifteen.

PRESENT: GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
*Circuit Judges,*
WILLIAM K. SESSIONS, III,*
*District Judge.*

_____

**Juan Rullan,**

*Plaintiff-Appellant*,

v.                                                                                    14-2127

**New York City Sanitation Department,**

*Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**          Juan Rullan, pro se, Bronx, NY.

**FOR DEFENDANT-APPELLEE:**          Pamela Seider Dolgow, Elizabeth S. Natrella, of
counsel, for Zachary W. Carter, Corporation
Counsel of the City of New York, New York, NY.

---

\* Judge William K. Sessions, III, of the United States District Court of Vermont, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

* * *

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Juan Rullan, proceeding *pro se*, appeals the district court's judgment dismissing his claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.* ("ADA"), and failure to accommodate under the ADA as barred by the principles of res judicata and collateral estoppel and as insufficient to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's application of res judicata and collateral estoppel principles, *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997), and its dismissal for failure to state a claim, *Lucas v. United States*, 775 F.3d 544, 547 (2d Cir. 2015) (per curiam).   As an initial matter, because Rullan does not challenge on appeal any of the grounds on which the district court dismissed his complaint, those claims are abandoned.   *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned).   Even if Rullan had preserved any issues for appeal, however, an independent review of the record and relevant case law reveals that the district court properly dismissed his claims.

We have considered all of Rullan's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk