Reddy v. Catone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> JED S. RAKOFF,*
> > *District Judge.*

———————————————————————

DEEPIKA REDDY,

> *Plaintiff-Appellant,*
>
> v.                                                                                    15-1033

LOUIS J. CATONE, et al.,

> *Defendants-Appellees.*

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          DEEPIKA REDDY, pro se, Fayetteville, NY.

**FOR DEFENDANTS-APPELLEES:**     Victor Gerard Paladino, Assistant Solicitor
                                                        General, New York State Office of the
                                                        Attorney General, Albany, NY.

_____

\* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*; Andrew T. Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Deepika Reddy, proceeding pro se, appeals the district court's judgment dismissing her complaint, which asserts claims under 42 U.S.C. § 1983 and New York law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's application of collateral estoppel, *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997), as well as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Lucas v. United States*, 775 F.3d 544, 547 (2d Cir. 2015). We review a district court's ruling on a motion for leave to file an amended complaint for abuse of discretion. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Leave to amend is routinely denied where the proposed amendment would be futile. *Id.*; *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

An independent review of the record and relevant case law reveals that the district court properly dismissed Reddy's claims. Except as noted below, we affirm for

substantially the reasons stated by the district court in its thorough March 31, 2015 decision.

The district court may have erred in holding that collateral estoppel barred Reddy's claims against defendant Louis J. Catone alleging partiality and coercion in connection with the consent order. "Under New York law, collateral estoppel will preclude a court from deciding an issue if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (internal quotation marks omitted).

Here, Catone treated Reddy's November 8, 2011 letter as an application for reconsideration under 8 N.Y.C.R.R. § 3.3(f). Under that rule, reconsideration is not available absent a showing "that the determination was based on an error of law, or that there is new and material evidence which was not previously available, or that circumstances have occurred subsequent to the original determination which warrant a reconsideration of the measure of discipline." 8 N.Y.C.R.R. § 3.3(f). The Appellate Division held that Reddy's claims of bias and discrimination and her allegations that she was coerced into agreeing to the consent order did not state a sufficient ground for reconsideration under § 3.3(f). Although the Appellate Division went on to address the merits of Reddy's claims, this analysis arguably was not necessary to its conclusion that Catone had not abused his discretion when denying Reddy's application for

3

reconsideration. *See, e.g., Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 153 (2d Cir. 2006) ("An issue that is 'necessarily decided' must have been both 'actually decided' (as it was here) and 'necessary to support a valid judgment on the merits' (which is not so clear at all).").

We need not decide, however, whether the district court's collateral estoppel ruling was erroneous, as we conclude that the consent order was not tainted by coercion. Pursuant to 8 N.Y.C.R.R. § 17.9, the OPD initiated the summary suspension proceedings by serving a notice of hearing and verified petition on Reddy. The verified petition was timely served, 8 N.Y.C.R.R. § 17.9(b), and set forth all of the allegations of misconduct against Reddy. She was entitled to submit a verified answer with supporting evidence and to be represented by counsel at the hearing. 8 N.Y.C.R.R. § 17.9(b)–(c). Although Reddy alleges that she was advised by one of her lawyers that she "would likely be suspended immediately and then given a formal hearing in up to two years' time," Am. Compl. ¶ 29, the cover letter she received with the proposed consent order made clear that the consequence of not signing it would be a hearing on the summary suspension of her license, not an automatic suspension. Further, she does not allege that any of the defendants misinformed her lawyer on this issue. By choosing to accept a sanction in order to avoid the possibility of a summary suspension, Reddy waived her right to contest the charges against her at a formal hearing. Accordingly, Reddy was not denied due process.

4

Because Reddy's claim that Catone violated her First Amendment right to petition the government was first raised on appeal, we do not consider it here. *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration omitted)). Additionally, because Reddy's complaint fails to state a claim, we express no opinion on the district court's alternative holding that Defendants Catone and Sheridan are entitled to quasi-judicial immunity from damages.

We have considered Reddy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5