Adams v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of March, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
          DENNIS JACOBS,
          PETER W. HALL,
               <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CHARLES ADAMS,
               <u>Plaintiff-Appellant</u>,

          v.                                              18-621

CITY OF NEW YORK, WILLIAM J.
BRATTON, NEW YORK CITY POLICE

1

COMMISSIONER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BILL DE BLASIO, MAYOR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS MAYOR OF THE CITY OF NEW YORK, BUTLER, NEW YORK CITY POLICE OFFICE, OF THE 78TH PRECINCT AT 65 6TH AVE, BROOKLYN NY 11215, IN THEIR INDIVIDUAL CAPACITIES, RAGONE, NEW YORK CITY POLICE OFFICE, OF THE 78TH PRECINCT AT 65 6TH AVE, BROOKLYN NY 11215, IN THEIR INDIVIDUAL CAPACITIES, PRINCE, NEW YORK CITY POLICE OFFICE, OF THE 78TH PRECINCT AT 65 6TH AVE, BROOKLYN NY 11215, IN THEIR INDIVIDUAL CAPACITIES, CONRAD, LIEUTENANT, OF ANDREWS INTERNATIONAL, IN HIS INDIVIDUAL CAPACITY, ANDREWS INTERNATIONAL, BEST BUY CO., INC., (NYSR:BBY), NICK THOMAS, OF BESTBUY CO., INC, IN HIS INDIVIDUAL CAPACITY, FIRST NEW YORK PARTNERS MANAGEMENT, LLC,

**Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**FOR PLAINTIFF-APPELLANT:**       Charles Adams, pro se, Brooklyn, NY.

2

**FOR DEFENDANTS-APPELLEES**
**MANN; ANDREWS INTERNATIONAL;**
**FIRST NEW YORK PARTNERS**
**MANAGEMENT, LLC:**     Robert S. Nobel, Brian M. Healy,
             Traub Lieberman Straus &
             Shrewsberry LLP, Hawthorne, NY.


**FOR DEFENDANTS-APPELLEES**
**THOMAS; BEST BUY CO., INC.:**   Stephen M. Knudsen, Durkin &
             Durkin, LLC, New York, NY.


**FOR CITY OF NEW YORK**
**AND REMAINING**
**DEFENDANTS-APPELLEES:**    Eric Lee, Assistant Corporation
             Counsel (Fay Ng, of Counsel), for
             Zachary W. Carter, Corporation
             Counsel of the City of New York,
             New York, NY.


  Appeal from an order of the United States District Court for the Eastern District of New York (Kuntz, J.).


  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.


  Appellant Charles Adams, pro se, appeals the district court's judgment dismissing his complaint.   Adams brought this action under 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000d et seq., and state law in connection with his shoplifting arrest.   He named as defendants the City of New York, Mayor Bill de Blasio, the New York City Police Department ("NYPD"), NYPD Commissioner William Bratton, and NYPD officers Butler, Ragone, Prince, and Jane and John Does 1 through 10 (the City defendants); Best

3

Buy Co., Inc. and its employee Nick Thomas (the Best Buy defendants); and Andrews International, Lieutenant Conrad Mann of Andrews International, and First New York Partners Management, LLC (the Mall defendants).   By a March 31, 2017 order, the district court dismissed the majority of Adams's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).   By a February 6, 2018 order, the district court dismissed the remainder of Adams's complaint for failure to prosecute or comply with the court's orders pursuant to Federal Rule of Civil Procedure 41(b).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal for failure to state a claim, see Lucas v. United States, 775 F.3d 544, 547 (2d Cir. 2015), and review dismissals for failure to prosecute "for an abuse of discretion in light of the record as a whole," Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal."   Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam).   "Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief."   Terry v. Incorporated Vill. of Patchogue, 826 F.3d 631, 632-33 (2d Cir. 2016) (internal quotation marks omitted); see also Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief).

Adams's brief on appeal focuses on a contention that state and federal actors lack authority over citizens.   His brief and reply brief make no more than cursory arguments that the defendants violated his rights while acting under

color of law and that the district court lacked authority to dismiss his complaint. He entirely fails to address the bases for the district court's dismissal of his § 1983 claims--which were (1) failure to allege personal involvement of certain individual defendants; (2) failure to adequately allege the existence of a City policy or practice that caused a constitutional violation; and (3) failure to adequately allege that the Best Buy and Mall defendants acted under color of state law.   Nor does he address the basis of the district court's dismissal of his state law claims against the City, i.e., failure to file a notice of claim against the City as required by state law.   He does not object to the district court's decision declining to exercise jurisdiction over his remaining state law claims.   He also does not challenge the district court's conclusion that all of the relevant factors favored dismissal of his suit for failure to prosecute or comply with court orders.

Because Adams has failed to challenge the bases for the district court's dismissal of his complaint in his brief on appeal, he has abandoned any such challenges.   See Barkley, 147 F.3d at 209.   We have considered Adams's remaining arguments and conclude they are without merit.   The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK